IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEB WHITEWOOD, SUSAN WHITEWOOD, FREDIA HURDLE, LYNN HURDLE, EDWIN HILL, DAVID PALMER, HEATHER POEHLER, KATH POEHLER, FERNANDO CHANG-MUY, LEN RIESER, DAWN PLUMMER, DIANA POLSON, ANGELA GILLEM, GAIL LLOYD, HELENA MILLER, DARA RASPBERRY, RON GEBHARDTSBAUER, GREG WRIGHT, MARLA CATTERMOLE, JULIA LOBUR, MAUREEN HENNESSEY, A.W., K.W., DEB WHITEWOOD** *and* **SUSAN WHITEWOOD** | No. 1:13-CV-1861 <br><br> (Judge Jones) <br><br><br><br><br><br> Electronically Filed |
| Plaintiffs | |
| v. | |
| **THOMAS W. CORBETT, MICHAEL WOLF, KATHLEEN KANE, MARY JO POKNIS** *and* **DONALD PETRILLE, JR.,** | |
| Defendants | |

**DEFENDANT KATHLEEN KANE'S BRIEF IN
SUPPORT OF HER MOTION TO DISMISS ALL
CLAIMS AGAINST HER**

I.   <u>STATEMENT OF THE CASE</u>

This is a civil rights action brought by a group of 23 Plaintiffs made up of lesbian and gay couples and the children of those couples who live in the Commonwealth of Pennsylvania. Plaintiffs challenge the constitutionality of certain sections of Pennsylvania's Marriage Law, 23 Pa. C.S. §§ 1101, *et seq.*, as it

pertains to the marriage of same-sex couples. Plaintiffs allege that sections 1102 and 1704 of the Marriage Law violate their Due Process and Equal Protection Rights as afforded by the Fourteenth Amendment to the United States Constitution.

Defendant Kathleen Kane, the Attorney General of Pennsylvania, is neither enforcing nor has she threatened to enforce the Marriage Law against the Plaintiffs. Accordingly, she has filed a motion to dismiss all claims against her for lack of standing and for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(1) and (6).[1] This brief is being submitted in support of the motion in accordance with Local Rule 7.5 and the Court's Order of September 20, 2013 (Doc. 20).

## II. FACTS

Pennsylvania's Marriage Law, 23 Pa. C.S. §§1101, *et seq.*, governs marriage in the Commonwealth of Pennsylvania. In 1996, the General Assembly amended the Marriage Law to define marriage as "[a] civil contract by which one man and one woman may take each other for husband and wife." 23 Pa. C.S. § 1102. The amendment also declared that definition to be the public policy of the Commonwealth, and it rendered same sex marriages entered into in other jurisdictions void in the Commonwealth. 23 Pa.C.S. §1702. Together, sections 1102 and 1704 currently prevent same sex couples from becoming married, and

---

[1] Thomas W. Corbett (Governor), Michael Wolf (Secretary of the Pennsylvania Department of Health), Mary Jo Poknis (Register of Wills of Washington County), and Donald Petrille, Jr. (Register of Wills and Clerk of Orphans' Court of Bucks County) are also named as defendants in this action.

prevent their out-of-state marriages from being acknowledged within the Commonwealth of Pennsylvania.

Plaintiffs sue Attorney General, Kathleen Kane in her official capacity, citing the Commonwealth Attorneys Act, 71 P.S. § 732-204. (*See* Doc. 1 at ¶ 95.) Although the Pennsylvania Constitution designates the Attorney General as the "chief law officer" of the Commonwealth, her duties are prescribed by the General Assembly in the Commonwealth Attorneys Act. Pa. Const. art. 4, §4.1.

Among the duties that the Commonwealth Attorneys Act gives the Attorney General is the responsibility to provide, *upon request*, legal advice to the Governor or the head of an executive agency, pertaining to the exercise of their official powers or the performance of their duties. 71 P.S. §732-204(a)(1). In providing this advice, the Attorney General must "uphold and defend the constitutionality of all statutes so as to prevent their suspension or abrogation in the absence of a controlling decision by a court of competent jurisdiction." 71 P.S. § 732-204(?)(3?). No legal opinion from the Attorney General has been requested by the Governor or any Commonwealth Agency head regarding the Marriage Law, and the Plaintiffs have not made any assertion that such an opinion was issued.

The only other duty of the Attorney General under §732-204 that arguably relates to this matter is her responsibility to defend the Commonwealth and its agencies in civil litigation. 71 P.S. §732-204(c). She may, however, delegate that

responsibility to the Governor's General Counsel when she deems it to be in the best interest of the Commonwealth, *id.,* which is exactly what she has done in this case.

### III. ARGUMENT

**A. Plaintiffs lack standing to assert their claims against the Attorney General because their alleged injuries are not traceable to her.**

As the Supreme Court articulated in *Sprint Commc'ns Co. v. AP-CC Servs., Inc.*, 554 U.S. 269, 273 (2008):

> Article III, § 2 of the Constitution restricts the federal "judicial Power" to the resolution of "Cases" and "Controversies." That case-or-controversy requirement is satisfied only where a plaintiff has standing.

*See also Common Cause of Pennsylvania v. Com. of Pennsylvania*, 558 F.3d 249, 257-58 (3d Cir. 2009); *Planned Parenthood of Central New Jersey v. Farmer*, 220 F.3d 127, 146-47 (3d Cir. 2000). To establish standing, a plaintiff must show: (a) an injury in fact, (2) the injury is traceable to the defendant's conduct, and (3) the requested relief is likely to redress the injury. *Planned Parenthood*, 220 F.3d at 146-47. "Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed.'" *Common Cause of Pennsylvania*, 558 F.3d at 257 *quoting Taliaferro v. Darby Tp. Zoning Bd.,* 458 F.3d 181 (3d Cir. 2006).

4

In the current action, the Plaintiffs lack standing with regard to their claims against the Attorney General because they cannot demonstrate that their alleged injuries are traceable to her. A plaintiff challenging the constitutionality of a statute may bring his claim against the official who is charged with the statute's enforcement, but not if the official has not enforced, or threatened to enforce the statute against the plaintiff. *1st Westco v. School District of Philadelphia*, 6 F.3d 108, 113 (3d Cir. 1993) *citing Rode v. Dellarciprete*, 845 F.2d 1195, 1209 N. 9 (3d Cir. 1988). In this case, the Attorney General is neither charged with the Marriage Law's enforcement, nor has she enforced or threatened to enforce it against the Plaintiffs.

In their complaint, the Plaintiffs have not identified any specific involvement by the Attorney General in the enforcement of the challenged sections of the Marriage Law, or the Marriage Law as a whole. Instead, they rely completely upon her general authority under the Commonwealth Attorneys Act. Although the Attorney General is the "chief law officer of the Commonwealth," that does not amount to a general obligation to uphold the laws of the Commonwealth, nor is it sufficient to make her a proper defendant here. *See 1st Westco Corp.*, 6 F.3d at 113 ("General authority to enforce the laws of the state is not sufficient to make government officials the proper parties to litigation challenging the law."); *Rode*, 845 F.2d at 1208.

5

The Marriage Law does not charge the Attorney General with the power or duty to enforce it; nor, have Plaintiffs pleaded that the Attorney General has such power or duty. Rather, the Clerk of the Orphans Court and the Department of Health are specifically charged with several enforcement and reporting requirements regarding the Marriage Law. *See* 20 Pa. C.S.A. § 711(19) (Orphans' Court division shall exercise jurisdiction over marriage licenses as provided by law.); 23 Pa. C.S. § 1104 (marriage applications and licenses to be supplied and uniform as prescribed by the Department of Health); 23 Pa. C.S. § 1106 (records of all marriage licenses issued shall be furnished to the Department of Health.). Furthermore, the Plaintiffs have not pleaded that the Attorney General has taken any action to enforce sections 1102 and 1704 of the Marriage law, or that she has threatened to enforce those laws against them.

In addition, there is no compelling reason to stretch the Court's jurisdiction to encompass the Attorney General as Plaintiffs may obtain whatever relief they are entitled to through claims against other named defendants. (*See Rode*, 845 F.2d at 1209 (there is no reason to strain *ex parte Young* doctrine where plaintiffs could maintain their constitutional challenge against other government officials).)

Accordingly, there is no case or controversy between the Plaintiffs and the Attorney General, and therefore, the claims against Attorney General Kane should be dismissed.

### B. Plaintiffs have failed to state a claim against Attorney General Kane pursuant to 42 U.S.C. § 1983 because the Attorney General has had no involvement in the conduct alleged to have violated Plaintiffs' rights that forms the basis of the complaint.

Liability under § 1983 may only be based upon a state actor's involvement in conduct which violates a plaintiff's federally protected rights. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir.1976). To state a claim under § 1983, the complaint must contain allegations that the defendant actually participated in or had actual knowledge of or acquiesced in actions proscribed by federal law which form the basis of the complaint. *Rode* at 1207. Liability cannot be imposed on the basis of *respondeat superior* or the position of the state actor. *Parratt v. Taylor*, 451 U.S. 527, 537 n.3 (1981). Allegations of personal involvement must be made with particularity. *Rode* at 1207.

In this matter, Plaintiffs have failed to allege that the Attorney General personally directed the alleged violations or that she had actual knowledge of the violations and acquiesced to them. The complaint is wholly without allegations as to any acts or omissions of the Attorney General in connection with the challenged sections of the Marriage Law. It is clear that the Plaintiffs have named the Attorney General purely due to her position as a state actor. As argued above, the Attorney General's general duties as chief law officer of the Commonwealth are insufficient to make her a proper defendant in this case. *Rode* at 1208.

Accordingly, the claims against Attorney General Kane should be dismissed.

## IV. CONCLUSION

For the reasons enumerated above, Defendant Kathleen Kane's motion to dismiss all claims against her should be granted.

                                                **Respectfully submitted,**

                                                **KATHLEEN G. KANE**
                                                **Attorney General**

                                    By:   *s/ M. Abbegael Giunta*
                                                **M. ABBEGAEL GIUNTA**

**Office of Attorney General**          **Deputy Attorney General**
**15th Floor, Strawberry Square**     **Attorney ID 94059**
**Harrisburg, PA 17120**
**Phone: (717) 787-1179**             **GREGORY R. NEUHAUSER**
**Fax:   (717) 772-4526**              **Chief Deputy Attorney General**
[mgiunta@attorneygeneral.gov](mailto:mgiunta@attorneygeneral.gov)      **Chief, Civil Litigation Section**

**Date:  October 7, 2013**               **Counsel for Defendant Kane**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEB WHITEWOOD, SUSAN WHITEWOOD, FREDIA HURDLE, LYNN HURDLE, EDWIN HILL, DAVID PALMER, HEATHER POEHLER, KATH POEHLER, FERNANDO CHANG-MUY, LEN RIESER, DAWN PLUMMER, DIANA POLSON, ANGELA GILLEM, GAIL LLOYD, HELENA MILLER, DARA RASPBERRY, RON GEBHARDTSBAUER, GREG WRIGHT, MARLA CATTERMOLE, JULIA LOBUR, MAUREEN HENNESSEY, A.W., K.W., DEB WHITEWOOD** and **SUSAN WHITEWOOD**  Plaintiffs  v.  **THOMAS W. CORBETT, MICHAEL WOLF, KATHLEEN KANE, MARY JO POKNIS** and **DONALD PETRILLE, JR.,**  Defendants | No. 1:13-CV-1861  Judge Jones  Electronically Filed |

## CERTIFICATE OF SERVICE

I, M. Abbegael Giunta, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on October 7, 2013, I caused to be served a true and correct copy of the foregoing document titled "Defendant Kathleen Kane's Brief In Support of Her Motion to Dismiss All Claims Against Her" to the following:

## VIA ELECTRONIC FILING

**Dylan J. Steinberg, Esquire**
**One Logan Square, 27th Floor**
**Philadelphia, PA  19103**
*Counsel for Plaintiffs*

**James D. Esseks, Esquire**
**Leslie Cooper, Esquire**
**American Civil Liberties Union**
**125 Broad Street, 18th Floor**
**New York, NY  10004**
**jesseks@aclu.org**
**lcooper@aclu.org**
*Counsel for Plaintiffs*

**John S. Stapleton, Esquire**
**Mark A. Aronchick, Esquire**
**Hangley Aronchick Segal & Pudlin**
**One Logan Square, 27th Floor**
**Philadelphia, PA  19103-6933**
**maronchick@hangley.com**
*Counsel for Plaintiffs*

**Mary Catherine Roper, Esquire**
**Milly M. Tack-Hooper, Esquire**
**American Civil Liberties Union**
**P.O. Box 40008**
**Philadelphia, PA  19106**
**mroper@aclupa.org**
**mtack-hooper@aclupa.org**
*Counsel for Plaintiffs*

**Rebecca S. Melley, Esquire**
**Segal Pudlin & Schiller**
**One Logan Square, 27th Floor**
**Philadelphia, PA  19103**
**rsantoro@hangley.com**
*Counsel for Plaintiffs*

**Seth F. Kreimer, Esquire**
**3400 Chestnut Street**
**Philadelphia, PA  19144**
**skreimer@law.upenn.edu**
*Counsel for Plaintiffs*

**Witold J. Walczak, Esquire**
**American Civil Liberties Union**
**313 Atwood Street**
**Pittsburgh, PA  15213**
**vwalczak@aclupa.org**
*Counsel for Plaintiffs*

**William H. Lamb, Esquire**
**Lamb McErlane, PC**
**24 East Market Street**
**P.O. Box 565**
**West Chester, PA  19381-0565**
**wlamb@chescolaw.com**
*Counsel for Defendants Corbett and Wolf*

| | |
|---|---|
| **Robert J. Grimm, Esquire** | **Nathan D. Fox, Esquire** |
| **Thomas J. Jezewski, Esquire** | **Begley Carlin & Mandio, LLP** |
| **Swartz Campbell, LLC** | **680 Middletown Boulevard** |
| **4750 US Steel Tower** | **Langhorne, PA  19047** |
| **600 Grant Street** | **nfox@begleycarlin.com** |
| **Pittsburgh, PA  15219** | *Counsel for Defendant Petrille* |
| **rgrimm@swartzcampbell.com** | |
| **tjezewski@swartzcampbell.com** | |
| *Counsel for Defendant Poknis* | |

 *s/ M. Abbegael Giunta*
**M. ABBEGAEL GIUNTA**
Deputy Attorney General