Nathan D. Fox, PA Bar No. 307744
BEGLEY, CARLIN & MANDIO, LLP
680 Middletown Boulevard
Langhorne, PA 19047
(215) 750-0110 (P)
nfox@begleycarlin.com

*Attorney for Defendant Petrille*

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA (HARRISBURG)

| | |
|---|---|
| DEB WHITEWOOD, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>THOMAS W. CORBETT, in his official capacity as Governor of Pennsylvania, et al.,<br><br>Defendants. | Case No. 13-cv-01861-JEJ<br><br>(Honorable John E. Jones, III)<br><br>**DEFENDANT PETRILLE'S BRIEF IN SUPPORT OF MOTION TO STAY DISCOVERY** |

As stated in Defendant Petrille's concurrently filed Motion to Stay Discovery, a stay of discovery and of the parties' obligations under Federal Rule of Civil Procedure 26 (hereafter "Rule 26") is necessary in this case because Defendants' motions to dismiss raise pure questions of law and, if granted, the litigation would be terminated.

1

## STATEMENT OF THE FACTS

On or about July 30, 2013, this Court granted the parties agreement for an extension through September 16, 2013 of the deadline to answer or otherwise respond to the Plaintiffs' complaint. On September 13, 2013, this Court then extended that deadline to September 30, 2013. No party has been prejudiced by these extensions.

Thereafter, on September 30, 2013, Defendants filed their respective motions to dismiss for a failure to state a claim upon which relief can be granted under Fed. R. Civ. P. Rule 12(b)(6), and failure to join necessary parties under Fed. R. Civ. P. Rule 12(b)(7), and the briefs supporting those motions were remitted on October 7, 2013. Defendants' motions raise constitutional and other questions of law for which discovery is not required.

## ARGUMENT

To the extent that the constitutional questions raised by Defendants hinge on certain facts, they hinge only on matters of legislative facts, not adjudicative facts. This important distinction is recognized by the Supreme Court. *Lockhart v. McCree*, 476 U.S. 162, 168-69 n.3 (1986). "'Adjudicative facts are facts about the parties and

their activities . . . , usually answering the questions of who did what, where, when, how, why, with what motive or intent'—the types of 'facts that go to a jury in a jury case,' or to the fact-finder in a bench trial." *Perry v. Brown*, 671 F.3d 1052, 1075 (9th Cir. 2012), *vacated and remanded by Hollingsworth v. Perry*, 133 S. Ct. 2652 (2013).

In contrast to "adjudicative facts," "[l]egislative facts are 'general facts which help the tribunal decide questions of law and policy,' are 'without reference to specific parties,' and 'need not be developed through evidentiary hearings.'" *Libertarian Nat'l Comm., Inc. v. Federal Election Comm'n*, 930 F. Supp. 2d 154, 157 (D.D.C. 2013) (quoting *Friends of the Earth v. Reilly*, 966 F.2d 690, 694 (D.C. Cir. 1992) and *Ass'n of Nat'l Advertisers, Inc. v. FTC*, 627 F.2d 1151, 1161-62 (D.C. Cir. 1979)). A legislative fact "is not a question specifically related to one case or controversy; it is a question of social factors and happenings . . . ." *Dunagin v. City of Oxford, Miss.*, 718 F.2d 738, 748 n.8 (5th Cir. 1983). "A court generally relies upon legislative facts when it purports to develop a particular law or policy and thus considers material wholly unrelated to the activities of the parties." 12 Fed. Proc., L. Ed. § 33:52. Legislative facts such as are at issue here do not require

discovery. *See Penn Adver. of Baltimore, Inc. v. Mayor & City Council of Baltimore*, 63 F.3d 1318, 1323 (4th Cir. 1995) *judgment vacated sub nom. on other grounds Penn Adver. of Baltimore, Inc. v. Schmoke*, 518 U.S. 1030 (1996).

Defendants therefore request that this Court stay all discovery (and Rule 26 obligations) until the Court has decided their motions to dismiss. "A United States district court has broad power to stay proceedings." *Bechtel Corp. v. Local 215, Laborers' Int't Union of N. Am., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976).

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (Cardozo, J.)). "In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Id.* (citing *Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937)).

Because Defendants' motions to dismiss may result in the dismissal of Plaintiffs' claims in their entirety, allowing Plaintiffs to

4

conduct discovery before the Court has addressed the serious constitutional and other issues on which Defendants' motions are based would diminish those rights and would also unfairly prejudice Defendants to impose the time and costs of discovery on them before their motions are resolved. To stay or limit discovery where constitutional issues may warrant dismissal is prudent to avoid the undue burdens placed upon the parties. An order staying discovery under Rule 26(c) is appropriate in order to avoid the time and expense of responding to inquiries that may have no effect on the resolution of the pending motions.

In addition to wasting the resources of the parties in taking potentially unnecessary discovery, should disputes arise concerning such discovery which require this Court's intervention, the discovery efforts may also squander judicial resources as well. *See, e.g., Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned and to make the most efficient use of judicial resources.'" (citation omitted)).

WHEREFORE, Defendant Petrille respectfully requests the entry of an order staying all discovery in this case, as well as staying the parties' obligations under Rule 26, pending this Court's ruling on Defendants' motions to dismiss.

Respectfully submitted,

s/ *Nathan D. Fox*
Nathan D. Fox
BEGLEY, CARLIN & MANDIO, LLP
680 Middletown Boulevard
Langhorne, PA 19047
(215) 750-0110 (P)
nfox@begleycarlin.com

*Attorney for Defendant Petrille*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of October, 2013, I electronically filed the foregoing Brief in Support of Defendant Petrille's Motion to Stay Discovery, with the Clerk of Court using the ECF system, which will effectuate service of this filing on the following ECF-registered counsel by operation of the Court's electronic filing system:

James D. Esseks
American Civil Liberties Union Foundation
125 Broad Street
18th Floor
New York, NY 10004
212-549-2627
jesseks@aclu.org

Leslie Cooper
American Civil Liberties Union Foundation
125 Broad Street
18th Floor
New York, NY 10004
212-549-2627
lcooper@aclu.org

Mary Catherine Roper
American Civil Liberties Union of Pennsylvania
P.O. Box 40008
Philadelphia, PA 19106
215-592-1513 ext 116
mroper@aclupa.org
Rebecca S. Melley

John S. Stapleton
Hangley, Aronchick, Segal & Pudlin
One Logan Square
27th Floor
Philadelphia, PA 19103-6933
215-496-7048
jstapleton@hangley.com

Mark A. Aronchick
Hangley, Aronchick, Segal & Pudlin
1 Logan Square, 27th Floor
Philadelphia, PA 19103
215-496-7002
maronchick@hangley.com

Molly M. Tack-Hooper
American Civil Liberties Union of Pennsylvania
P.O. Box 40008
Philadelphia, PA 19106
215-592-1513
mtack-hooper@aclupa.org
Seth F. Kreimer

7

Hangley, Aronchick, Segal, Pudlin & Schiller
One Logan Square
27th Floor
Philadelphia, PA 19103
215-496-7374
rsantoro@hangley.com

Witold J. Walczak
American Civil Liberties Union of Pennsylvania
313 Atwood Street
Pittsburgh, PA 15213
412-681-7864
vwalczak@aclupa.org

3400 Chestnut Street
Philadelphia, PA 19144
215-898-7447
skreimer@law.upenn.edu

*Attorneys for Plaintiffs*

M. Abbegael Giunta
Office of Attorney General
15th Floor Strawberry Square
Harrisburg, PA 17120
717-787-1179
mgiunta@attorneygeneral.gov

*Attorney for Defendant Kathleen Kane, Attorney General of Pennsylvania*

William H. Lamb
Lamb McErlane PC
24 E. Market Street
P.O. Box 565
West Chester, PA 19381-0565
610-430-8000
wlamb@chescolaw.com

*Attorney for Defendant Thomas W. Corbett, Governor of Pennsylvania, and Michael Wolf, Secretary of the Pennsylvania Department of Health*

Robert J Grimm
Swartz Campbell LLC
4750 U.S. Steel Tower
600 Grant Street
Pittsburgh, PA 15219
412-560-3267
rgrimm@swartzcampbell.com

Thomas J Jezewski
Swartz Campbell, LLC
4750 U.S. Steel Tower
600 Grant Street
Pittsburgh, PA 15219
412-456-5416
tjezewski@swartzcampbell.com

*Attorneys for Mary Jo Poknis, Register of Wills of Washington County*

and I further certify that I will cause the foregoing document to be served by U.S. First-Class Mail on the following non-ECF participant on the following day:

Dylan J. Steinberg
One Logan Square, 27th Floor
Philadelphia, PA 19103
215-568-6200

*Attorney for Plaintiffs*

s/ *Nathan D. Fox*
Nathan D. Fox
BEGLEY, CARLIN & MANDIO, LLP
680 Middletown Boulevard
Langhorne, PA 19047
(215) 750-0110 (P)
nfox@begleycarlin.com

*Attorney for Defendant Petrille*