# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEB WHITEWOOD and SUSAN WHITEWOOD, FREDIA HURDLE and LYNN HURDLE, EDWIN HILL and DAVID PALMER, HEATHER POEHLER and KATH POEHLER, FERNANDO CHANG-MUY and LEN RIESER, DAWN PLUMMER and DIANA POLSON, ANGELA GILLEM and GAIL LLOYD, HELENA MILLER and DARA RASPBERRY, RON GEBHARDTSBAUER and GREG WRIGHT, MARLA CATTERMOLE and JULIA LOBUR, MAUREEN HENNESSEY, and A.W. AND K.W., minor children, by and through their parents and next friends, DEB WHITEWOOD and SUSAN WHITEWOOD, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS W. CORBETT, in his official capacity as Governor of Pennsylvania; MICHAEL WOLF, in his official capacity as Secretary of the Pennsylvania Department of Health; KATHLEEN KANE, in her official capacity as Attorney General of Pennsylvania; MARY JO POKNIS, in her official capacity as Register of Wills of Washington County; and DONALD PETRILLE, JR., in his official capacity as Register of Wills and Clerk of Orphans' Court of Bucks County, <br><br> Defendants. | Civil Action <br><br> No. 13-1861-JEJ <br><br> Honorable John E. Jones, III <br><br><br> ELECTRONICALLY FILED |

**REPLY BRIEF OF DEFENDANT SECRETARY OF HEALTH MICHAEL WOLF IN SUPPORT OF HIS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND (6)**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................... ii

I. INTRODUCTION ..................................................................................1

II. PLAINTIFFS CANNOT ESTABLISH THAT *BAKER v. NELSON*
IS NOT BINDING..................................................................................1

    A. Although Decided In the Context Of A Summary Dismissal,
*Baker* Indisputably Constitutes Controlling Precedent .........................2

    B. The Issues Here Are the Same As Those Decided In *Baker*.................3

    C. No "Significant Doctrinal Developments" Have Impaired
*Baker's* Effect .......................................................................................5

II. CONCLUSION........................................................................................9

# **TABLE OF AUTHORITIES**

**Cases**

*Adams v. Howerton*, 673 F.2d 1036 (9th Cir. 1982)..................................................2

*Baker v. Nelson*, 409 U.S. 810 (1972) ............................................................... passim

*Carey v. Population Servs. Int'l*, 431 U.S. 678 (1977) ...............................................6

*Eisenstadt v. Baird*, 405 U.S. 438 (1972) ...................................................................6

*Hicks v. Miranda*, 422 U.S. 332 (1975).......................................................................6

*In re Kandu*, 315 B.R. 123 (Bankr. W.D. Wash. 2004) ..............................................8

*Jackson v. Abercrombie*, 884 F. Supp. 2d 1065 (D. Haw. 2012) .........................3,5,8

*Kerrigan v. Comm'r of Pub. Health*, 957 A.2d 407 (Conn. 2008)...........................7

*Lawrence v. Texas*, 539 U.S. 558 (2003)....................................................................6

*Mandel v. Bradley*, 432 U.S. 173 (1977)....................................................................2

*Massachusetts v. United States Dep't of HHS*, 682 F.3d 1 (1st Cir. 2012)...............2

*Roe v. Wade*, 410 U.S. 113 (1973)..............................................................................6

*Sevcik v. Sandoval*, 911 F. Supp. 2d 996 (D. Nev. 2012).......................................3,5

*Smelt v. County of Orange*, 374 F. Supp. 2d 861 (C.D. Cal. 2005) ..........................8

*Soto-Lopez v. New York City Civil Service Commission*, 755 F.2d 266
   (2d Cir. 1985) ..........................................................................................................6

*Turner v. Safley*, 482 U.S. 78 (1987) ..........................................................................6

*United States v. Windsor*, 133 S. Ct. 2675 (2013) ................................................. 7-8

*Wilson v. Ake*, 354 F. Supp. 2d 1298 (M.D. Fla. 2005) .............................................. 3

*Windsor v. United States*, 699 F.3d 169 (2d Cir. 2012), *aff'd*, 133 S.Ct. 2675 (2013) ........................................................................................................................ 6

*Zablocki v. Redhail*, 434 U.S. 374 (1978) ................................................................. 6

**Rules**

Fed. R. Civ. P. 12(b)(1) ........................................................................................... 1,9

**I.    INTRODUCTION.**

In their opening brief, Defendants explained that the claims against Defendants must be dismissed for two independent reasons. First, Defendants explained, the claims against the Governor must be dismissed on sovereign immunity/Eleventh Amendment grounds. Second, the claims against both Defendants must be dismissed on the grounds that the court lacks federal subject matter jurisdiction over the claims pursuant to the United States Supreme Court's decision in *Baker v. Nelson*, 409 U.S. 810 (1972).

Plaintiffs have now responded to Defendants' Motion. After Plaintiffs' Brief in Opposition was filed, the parties executed a stipulation dismissing all of the claims against the Governor. Accordingly, in their reply, Defendants will address only the *Baker v. Nelson* arguments as they affect the claims in Plaintiffs' Complaint.

**I.    PLAINTIFFS CANNOT ESTABLISH THAT *BAKER v. NELSON* IS NOT BINDING.**

In their Brief in Opposition, Plaintiffs argue that Defendants' reliance on *Baker v. Nelson*, 409 U.S. 810 (1972), is misplaced. Specifically, Plaintiffs claim that: (i) a summary dismissal such as that which occurred in *Baker* "is not the same as an opinion of the Court addressing the issue" and, thus, the Supreme Court's ruling in *Baker* has only limited precedential value; (ii) *Baker* did not involve the

precise questions at issue in this case; and (iii) there have been significant "doctrinal developments" since *Baker* which render *Baker* no longer controlling. Plaintiffs' Brief, at 3.

Plaintiffs are wrong on all three counts.

### A. Although Decided In the Context Of A Summary Dismissal, *Baker* Indisputably Constitutes Controlling Precedent.

First, Plaintiffs' suggestion that a summary dismissal, such as the one the United States Supreme Court issued in *Baker*, is not binding precedent, plainly is incorrect. Ironically, while Plaintiffs accuse Defendants of overstating the significance of *Baker*, it is clear that *Plaintiffs* grossly *understate* the impact of the *Baker* decision on this case.

As Defendants previously explained, the Supreme Court's summary dismissal in *Baker* is considered both "a decision on the merits," *see, e.g.*, *Hicks v. Miranda*, 422 U.S. 332, 343-45 (1975), and binding authority in subsequent cases involving claims challenging the constitutionality of a state's definitional marriage statute.[1] Numerous other courts, addressing same-sex marriage issues, have

---

[1] "Summary affirmances and dismissals for want of a substantial federal question without doubt reject the specific challenges presented in the statement of jurisdiction and do leave undisturbed the judgment appealed from. They do prevent lower courts from coming to opposite conclusions on the precise issues presented and necessarily decided by those actions." *Mandel v. Bradley*, 432 U.S. 173, 176 (1977). Here, this Court is constrained to follow *Baker* and cannot come to an opposite conclusion on "the precise issues presented and necessarily decided by" *Baker*.

2

recognized this unassailable fact. *See, e.g.*, *Massachusetts v. United States Dep't of HHS*, 682 F.3d 1, 3 (1st Cir. 2012) (*Baker* is binding precedent that precludes review of all arguments resting on "a constitutional right to same-sex marriage"), *cert denied*, 133 S. Ct. 2887 (2013); *Sevcik v. Sandoval*, 911 F. Supp. 2d 996 (D. Nev. 2012) (equal protection claim asserting that states may not refuse to permit or recognize same sex marriages performed in other states is "garden-variety equal protection challenge precluded by *Baker*"); *Jackson v. Abercrombie*, 884 F. Supp. 2d 1065 (D. Haw. 2012) (*Baker* is "last word" from Supreme Court regarding constitutionality of state law limiting marriage to opposite-sex couples); *Wilson v. Ake*, 354 F. Supp. 2d 1298, 1305 (M.D. Fla. 2005) ("The Supreme Court has not ... provided the lower courts, including this Court, with any reason to believe that the holding [in *Baker*] is invalid today.").

Plaintiffs, on the other hand, cite not a single case where any court has held that *Baker* does not control simply because it was issued in the context of a summary dismissal. Plaintiffs' attempt to avoid application of *Baker* on these grounds must be rejected.

**B.   The Issues Here Are the Same As Those Decided In *Baker*.**

Plaintiffs' second argument – that *Baker* does not control because the issues in *Baker* and the issues in this case are different – likewise lacks merit.

3

Plainly stated, there is no distinction between this case and *Baker*. Both cases involve statutes that define marriage as a union between persons of the opposite sex. Both cases involve assertions under the due process and equal protection clauses of the United States Constitution. Both cases involve assertions that the United States Constitution precludes limiting marriage to one man and one woman. In *Baker*, the state court had rejected the same claims as Plaintiffs make in this case, and the United States Supreme Court dismissed the appeal "for want of a substantial federal question." *Baker v. Nelson*, 409 U.S. 810 (1972).

While Plaintiffs attempt to distinguish *Baker* on the grounds that *Baker* did not involve "the constitutionality of a law" that was enacted – according to Plaintiffs – "to preclude marriage for same sex couples," Plaintiffs' Brief, at 6, Plaintiffs' transparent attempt to create a distinction where none exists is without merit.[2] *Baker* clearly addressed the larger and more fundamental issues of whether denial of same-sex marriage "deprives appellants of their liberty to marry and of their property without due process of law under the Fourteenth Amendment," and whether the denial "violates their rights under the equal protection clause of the Fourteenth Amendment." *See* Jurisdictional Statement, *Baker v. Nelson*, No. 71-1027, at 3. There is nothing in *Baker's* jurisdictional statement or the Supreme

---

[2] In *Baker*, the Minnesota Supreme Court held that a Minnesota statute that defined marriage as a union between persons of the opposite sex did not violate the First, Eighth, Ninth, and Fourteenth Amendments of the U.S. Constitution. *See Baker v. Nelson*, 191 N.W.2d 185 (Minn. 1971), *appeal dismissed*, 409 U.S. 810 (1972).

4

Court's summary dismissal that limits the holding to marriage laws enacted with particular timing, purpose or intent.

Quite tellingly, Plaintiffs do not even try to distinguish the two primary cases upon which Defendants rely – *Jackson v. Abercrombie*, 884 F. Supp. 2d 1065 (D. Haw. 2012), and *Sevcik v. Sandoval*, 911 F. Supp. 2d 996 (D. Nev. 2012) – notwithstanding that both cases held, *only last year*, on facts almost identical to these, that *Baker* still controls. The rationale of those cases – that *Baker* was a decision on the merits, that *Baker* involved the same issues presented in the respective cases, and that there have not been doctrinal changes that vitiate the binding effect of *Baker's* holding – applies equally to the facts at issue here. Moreover, as in this case, *Sevcik* involved both a "right-to-marry" and a "marriage recognition" claims – which the *Sevcik* Court described as "garden variety" claims precluded by *Baker*; hence, Plaintiffs' attempt to distinguish *Baker* on these grounds also fails. If this Court accepts Plaintiffs' invitation and concludes that *Baker* no longer applies, it appears that this Court would be the first federal court in the nation to decline to apply *Baker* in this context.

    **C.**    **No "Significant Doctrinal Developments" Have Impaired *Baker's* Effect.**

Plaintiffs' final contention – that "significant doctrinal developments" since *Baker* no longer render it controlling precedent – fare no better. For one thing, other than to string seven United States Supreme Court cites together, Plaintiffs

5

provide the Court with no support whatsoever for the bare allegation that "significant doctrinal developments"[3] have occurred. The mere proclamation that a doctrinal shift or "sea change" has occurred by virtue of decisions in *Eisenstadt v. Baird*, 405 U.S. 438 (1972); *Roe v. Wade*, 410 U.S. 113 (1973); *Carey v. Population Servs. Int'l*, 431 U.S. 678 (1977); *Zablocki v. Redhail*, 434 U.S. 374 (1978); *Turner v. Safley*, 482 U.S. 78 (1987); *Lawrence v. Texas*, 539 U.S. 558 (2003); and *United States v. Windsor*, 133 S. Ct. 2675 (2013), is not enough. This Court should reject Plaintiffs' argument on this issue in its entirety.

    Moreover, a review of the cases Plaintiffs cite establishes quite clearly that they do not constitute "significant doctrinal developments" with regard to the *Baker* issue. *Lawrence*, for instance, a case which has been cited by other plaintiffs for the proposition that significant doctrinal changes have occurred, does not remotely establish this point. That is because, in *Lawrence*, the Supreme Court expressly stated that "[t]he present case does not involve . . . whether the government must give formal recognition to any relationship that homosexual persons seek to enter." *Lawrence*, 539 U.S. at 578. As other courts have noted, "[i]n so limiting the scope of its decision, the court in *Lawrence* implicitly

---

[3] Decisions of courts of appeals, or of any other court other than the United States Supreme Court, are not "doctrinal developments" within the meaning of *Hicks v. Miranda*. *Hicks*, *supra*, 422 U.S. at 344; *see Soto-Lopez v. New York City Civil Service Commission*, 755 F.2d 266, 272 (2d Cir. 1985) (summary affirmance "constitutes binding precedent for the present case unless . . . overruled, explicitly or implicitly, by a subsequent Supreme Court decision").

recognized that it is one thing to conclude that criminalizing private, consensual homosexual conduct between adults violates due process; it is entirely another matter to conclude that the constitution requires the redefinition of the institution of marriage to include same sex couples." *Kerrigan v. Comm'r of Pub. Health*, 957 A.2d 407, 513 (Conn. 2008).

To the extent that Plaintiffs would suggest that the Second Circuit's decision in *Windsor v. United States*, 699 F.3d 169 (2d Cir. 2012), changes the *Baker* analysis, this argument, too, is without basis. For one thing, the Second Circuit's statement in *Windsor* that "*Baker* did not control," (Brief in Opposition at 3), clearly is *dictum* and is *not* the holding of case. In fact, the Second Circuit in *Windsor* explicitly distinguished *Baker* as involving a *different question of law*. *See id.* at 178 ("The question of whether the federal government may constitutionally define marriage as it does in Section 3 of DOMA is sufficiently distinct from the question in *Baker*: whether same-sex marriage may be constitutionally restricted by the states."). Further, and equally significant, when *Windsor* was appealed to the United States Supreme Court, the Supreme Court declined to hold that there had been significant doctrinal developments since *Baker*. To the contrary, the Supreme Court Majority – which never mentioned *Baker* in its opinion – made clear that its holding was narrow: "This opinion and its holding are confined to those lawful marriages," 133 S. Ct. at 2696 – which the Court previously described

7

as "same-sex marriages made *lawful* by the State." *Id.* at 2695 (emphasis in original). The instant case does not, and indeed cannot, involve "same-sex marriages made lawful by the State" because same-sex marriages clearly are not recognized by Pennsylvania. Thus, neither *Windsor* nor the other equally inapposite federal cases[4] Plaintiffs cite support the finding that *Baker* has been overruled.[5]

Because the holding of *Baker* has not been impaired by "significant doctrinal changes," *Baker* remains both binding on this Court and dispositive of the claims in this case. Thus, this Court should dismiss Plaintiffs' Complaint in its entirety.

---

[4] None of the cases cited by Plaintiffs at page 5 of the Brief in Opposition contain holdings on point. *See Smelt v. County of Orange*, 374 F. Supp. 2d 861, 864 (C.D. Cal. 2005) (holding "(1) it is a proper exercise of discretion for federal courts to abstain from deciding the constitutionality of state 'man-woman marriage' statutes until the state court review process is completed, and (2) section 3 of the federal Defense of Marriage Act is constitutional."); *In re Kandu*, 315 B.R. 123, 148 (Bankr. W.D. Wash. 2004) (holding that DOMA "does not violate the principles of comity, or the Fourth, Fifth, or Tenth Amendments to the U.S. Constitution.").

[5] Moreover, even if the issues in the two cases were not identical – which, clearly, they are – "the 'precedential value' of a dismissal for want of a substantial federal question extends beyond the facts of the particular case to all similar cases." *Jackson v. Abercrombie*, 884 F. Supp. 2d 1065 (D. Haw. 2012) (citing *Bates v. Jones*, 131 F.3d 843, 848 (9th Cir. 1997) (internal quotations omitted)). Thus, for this reason as well, the Supreme Court's decision in *Baker* controls the outcome of this case.

## V. <u>CONCLUSION</u>

For all the foregoing reasons, Defendant Wolf respectfully reiterates his request that this Court dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6).

                Respectfully submitted,

Date: November 1, 2013

                */s/ William H. Lamb*
                William H. Lamb
                LAMB MCERLANE, PC
                24 East Market Street
                West Chester, PA  19380
                (610) 430-8000

                *Counsel for Defendant,*
                *Michael Wolf, Secretary of*
                *Health*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Defendant Secretary of Health Michael Wolf's Reply Brief in Further Support of His Motion to Dismiss in the above captioned matter was served on this, the 1st day of November, 2013, to the attorneys of record as follows:

Mark A. Aronchick, Esquire
John S. Stapleton, Esquire
Dylan. Steinberg, Esquire
Rebecca S. Melley, Esquire
HANGLEY ARONCHICK, SEGAL, PUDLIN & SCHILLER
One Logan Square, 27th Floor
Philadelphia, PA  19103
*Counsel for Plaintiffs*

James D. Esseks, Esquire
Leslie Cooper, Esquire
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY  10004
*Counsel for Plaintiffs*

Mary Catherine Roper, Esquire
Molly M. Tack-Hooper, Esquire
AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA
P.O. Box 40008
Philadelphia, PA  19106
*Counsel for Plaintiffs*

Witold J. Walczak, Esquire
AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA
313 Atwood Street
Pittsburgh, PA  15213
*Counsel for Plaintiffs*

Seth F. Kreimer, Esquire
3400 Chestnut Street
Philadelphia, PA  19144
*Counsel for Plaintiffs*

M. Abbegael Giunta Deputy Attorney General
Gregory R. Neuhauser, Chief Deputy Attorney General
OFFICE OF ATTORNEY GENERAL
Strawberry Square, 15th Floor
Harrisburg, PA  17120
*Counsel for Defendant Kane*

Nathan D. Fox, Esquire
BEGLEY CARLIN & MANDIO LLP
680 Middletown Blvd.
Langhorne, PA  19047
*Counsel for Defendant Petrille*

**LAMB McERLANE PC**

By: /s/*William H. Lamb*
    William H. Lamb
    Attorney I.D. No. 04927
    24 East Market Street
    P.O. Box 565
    West Chester, PA  19381
    wlamb@chescolaw.com

(610) 430-8000