## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEB WHITEWOOD and SUSAN WHITEWOOD, FREDIA HURDLE and LYNN HURDLE, EDWIN HILL and DAVID PALMER, HEATHER POEHLER and KATH POEHLER, FERNANDO CHANG-MUY and LEN RIESER, DAWN PLUMMER and DIANA POLSON, ANGELA GILLEM and GAIL LLOYD, HELENA MILLER and DARA RASPBERRY, RON GEBHARDTSBAUER and GREG WRIGHT, MARLA CATTERMOLE and JULIA LOBUR, MAUREEN HENNESSY, and A.W. AND K.W., minor children, by and through their parents and next friends, DEB WHITEWOOD and SUSAN WHITEWOOD, | Civil Action<br><br>No. 13-cv-01861-JEJ<br><br>Honorable John E. Jones, III<br><br>ELECTRONICALLY FILED |

Plaintiffs,

                    v.

MICHAEL WOLF, in his official capacity as Secretary of Health; DONALD PETRILLE, JR., in his official capacity as Register of Wills and Clerk of Orphans' Court of Bucks County; and DAN MEUSER, in his official capacity as Secretary of Revenue,

Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS MICHAEL WOLF AND DAN MEUSER

Defendant Secretary Michael Wolf, in his official capacity as the Secretary of Health of the Commonwealth of Pennsylvania, and Defendant Secretary Dan Meuser, in his official capacity as Pennsylvania's Secretary of Revenue (hereinafter collectively referred to as "Defendants"), by and through their attorneys, Lamb McErlane PC, hereby submit the following Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint.

1.     Defendants admit only that Plaintiffs have brought this suit. Defendants deny the suit has legal merit or that Plaintiffs are entitled to relief.

2.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

3.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. It is admitted only that same-sex marriages from other states are not recognized by Pennsylvania. It is denied that Plaintiffs are treated as "legal strangers" in the Commonwealth of Pennsylvania.

4.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. It is admitted only that

Plaintiff Hennessey's marriage to her female spouse from another jurisdiction is not recognized by the Commonwealth of Pennsylvania.

5.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment of this paragraph. Therefore, this averment is denied.

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth as to any of the averments of this paragraph. Therefore, the allegations are denied.

7.     Defendants are without knowledge or information sufficient to form a belief as to the truth as to any of the averments of this paragraph. Therefore, these averments are denied.

8.     Defendants are without knowledge or information sufficient to form a belief as to whether the "plaintiff couples" have made a lifetime commitment to each other.  Therefore, the allegations are denied.  Defendants admit that same-sex marriage has never been recognized in Pennsylvania and that it is the public policy of Pennsylvania to not recognize same-sex marriage.

9.     The allegations set forth in this paragraph constitute conclusions of law which Defendants are not required to admit or deny.

10.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the claims in this paragraph. Defendants deny that *United*

*States v. Windsor*, 133 S. Ct. 2675 (June 26, 2013), is a source of rights for Plaintiffs in this case. Therefore, these averments are denied.

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph; therefore, they are denied. By way of further response, Defendants deny that *Loving v. Virginia*, 388 U.S. 1 (1967) is a source of rights for Plaintiffs in this case.

12.     This paragraph contains legal conclusions that Defendants are not required to admit or deny.  By way of further response, it is denied that the "history" set forth in this paragraph is a source of rights for Plaintiffs in this case.

13.     Admitted in part; denied in part.  It is admitted that marriage is regulated in Pennsylvania and provides benefits and obligations on married couples.  The remaining allegations constitute conclusions of law to which no response is required.

14.     The averments set forth in this paragraph are legal conclusions that Defendants are not required to admit or deny.   By way of further response, Defendants deny that Pennsylvania has "hundreds of laws that provide benefits to and impose obligations on married couples."  To the contrary, Pennsylvania has two marriage statutes.

15.     The averments set forth in this paragraph are legal conclusions that Defendants are not required to admit or deny. To the extent a response is required,

3

the allegations set forth in this paragraph are denied. Defendants deny that the prohibition of same-sex marriage is unconstitutional in any respect and under any level of scrutiny.

16.    It is admitted only that Plaintiffs bring this suit pursuant to 42 U.S.C. § 1983 and seek the declaratory and injunctive relief set forth in Paragraph 16. It is denied that Plaintiffs are entitled to such relief.

## THE PARTIES

17. – 22.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraphs 17 through 22. Therefore, these averments are denied.

23.    Defendants are without knowledge or information sufficient to form a belief as to any financial effect Pennsylvania's marriage statutes have on Plaintiffs Deb and Susan Whitewood and therefore, such allegations are denied.  By way of further response, Pennsylvania's tax laws speak for themselves and any statement made inconsistent therewith is denied.

24.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

25.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

26.- 31.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

32.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore these averments are denied. By way of further response, Pennsylvania's laws regarding health insurance speak for themselves and any statement made inconsistent therewith is denied.

33.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment of this paragraph.

34.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

35.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

36.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

37.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

38.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

39.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

40.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied. By way of further answer, Pennsylvania's tax laws speak for themselves and any statement made inconsistent therewith is denied.

41.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

42.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

43.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

44.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied. By way of further response, Pennsylvania's laws regarding health insurance and taxes speak for themselves and any statements made inconsistent therewith are denied.

45.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph regarding Plaintiffs' feelings and experiences. Therefore, these averments are denied. By way of further response, Pennsylvania's laws regarding health insurance speak for themselves and any statement made inconsistent therewith is denied.  Plaintiffs' allegation that they cannot automatically make medical decisions legally for one another is a conclusion of law to which no response is required.

46.-53.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraphs 46 through 53. Therefore, these averments are denied.

54.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.   By way of further response, Defendants demand a more specific description of any "protections" that Plaintiffs claim are denied to them based upon marital status and deny any allegations inconsistent therewith.

55.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

56.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

57.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

58.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph regarding Plaintiffs' feelings and experiences. Therefore, these averments are denied. By way of further

response, Pennsylvania's laws regarding recognition of persons not genetically related to a child speak for themselves and any statement made inconsistent therewith is denied.

59.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

60.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averment are denied.

61.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

62.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

63.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph regarding Plaintiffs' feelings and experiences. Therefore, these averments are denied. By way of further response, the allegations contained in this paragraph regarding Pennsylvania's  tax

laws and federal social security laws  speak for themselves and any statement made inconsistent therewith is denied.

64.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

65.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment of this paragraph. Therefore, these  averments are denied.

66.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

67.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

68.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

69.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied. By way of further response, Pennsylvania's laws regarding recognition

of persons not genetically related to a child speak for themselves, and any statement made inconsistent therewith is denied.

70.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph regarding Plaintiffs' feelings and hopes.  Therefore, these averments are denied.

71.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

72.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

73.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

74.    The averments contained in this paragraph are conclusions of law which Defendants are not required to admit or deny. By way of further answer, Pennsylvania's tax laws speak for themselves and any statement made inconsistent therewith is denied.

75.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

76.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

77.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph regarding Plaintiffs' actions and experiences. Therefore, these averments are denied. By way of further response, this paragraph contains a conclusion of law which Defendants are not required to admit or deny.

78.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

79.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

80.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph regarding Plaintiffs' actions and understandings. Therefore, these averments are denied. By way of further

response, this paragraph contains a conclusion of law which Defendants are not required to admit or deny.

81.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph regarding Plaintiffs' actions.  Therefore, these averments are denied. By way of further response, this paragraph contains a conclusion of law that Defendants are not required to admit or deny.

82.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

83.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

84.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

85.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph regarding Plaintiffs' actions and understandings. Therefore, these averments are denied. By way of further

response, this paragraph contains a conclusion of law that Defendants are not required to admit or deny.

86.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

87.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

88.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

89.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment of this paragraph. Therefore, this averment is denied.

90.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

91.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

92.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

93.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

94.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph regarding Plaintiffs' feelings and actions. Therefore, these averments are denied. By way of further response, the averments in this paragraph contain conclusions of law that Defendants are not required to admit or deny.

95.     The paragraph contains conclusions of law which Defendants are not required to admit or deny.  By way of further answer, Pennsylvania's inheritance tax laws speak for themselves, and any statement made inconsistent therewith is denied.

96.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

97.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments

are denied. By way of further response, the Certificate of Death, which is not attached to Plaintiffs' First Amended Complaint, is a document which speaks for itself and any statement made inconsistent therewith is denied.

98.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

99.     The paragraph contains a conclusion of law which Defendants are not required to admit or deny.  To the extent a response is necessary, the averment is denied.

100.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

101.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied. It is admitted that the Commonwealth of Pennsylvania does not recognize same-sex marriages.

102.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments regarding Plaintiffs' actions and desires. Therefore, these averments are denied. By way of further response, Pennsylvania's

tax law speak for themselves and any statement made inconsistent therewith is denied.

103.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments regarding Plaintiffs' "wants".   Therefore, these averments are denied. By way of further response, this paragraph contains conclusions of law which Defendants are not required to admit or deny.

### Defendants

104.   Admitted.

105.   The averments contained in this paragraph are conclusions of law that Defendants are not required to admit or deny. To the extent a response is required, it is admitted that Michael Wolf is the Secretary of Health of the Commonwealth of Pennsylvania and that he has those duties and authorities granted to that office by law; any statement made inconsistent therewith is denied.

106.   The averments contained in this paragraph are conclusions of law that Defendants are not required to admit or deny. To the extent a response is required, it is admitted that Michael Wolf is the Secretary of Health of the Commonwealth of Pennsylvania and that he has the duties and authorities granted to that office by law; any statement made inconsistent therewith is denied.   By way of further answer, the cited statutes speak for themselves and any statement made inconsistent therewith is denied.

107.   It is denied that Secretary of Health is responsible for creating forms for Certificates of Death, and the issuance, maintenance, and amendments to such certifications. By way of further answer, rather, the Commonwealth's Department of Health, through the Bureau of Health Statistics & Research, Division of Vital Records prescribes these forms.  In addition, the forms speak for themselves and any statement made inconsistent therewith is denied.  The remaining averments contained in this paragraph are conclusions of law that Defendants are not required to admit or deny. To the extent a response is required, it is admitted that Michael Wolf is the Secretary of Health of the Commonwealth of Pennsylvania and that he has those duties and authorities granted to that office by law; any statement made inconsistent therewith is denied.

108.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.   Therefore, these averments are denied.

109.   It is admitted that Dan Meuser is the Secretary of Revenue of the Commonwealth of Pennsylvania and that he has the duties and authorities granted to that office by law.

110.   The averments contained in this paragraph are conclusions of law which Defendants are not required to admit or deny. To the extent a response is required, it is admitted that Dan Meuser is the Secretary of Revenue of the

Commonwealth of Pennsylvania and that he has the duties and authorities granted to that office by law; any statement made inconsistent therewith is denied.

111.   The averments contained in this paragraph are conclusions of law that Defendants are not required to admit or deny. To the extent a response is required, it is admitted that Dan Meuser is the Secretary of Revenue of the Commonwealth of Pennsylvania and that he has the duties and authorities granted to that office by law; any statement made inconsistent therewith is denied.

112.   The personal income tax return forms speak for themselves and any statement made inconsistent therewith is denied.   The remaining averments contained in this paragraph are conclusions of law that Defendants are not required to admit or deny.   By way of further response, the cited statutes speak for themselves.

113.   The personal income tax return forms speak for themselves and any statement made inconsistent therewith is denied.   As to Plaintiffs' allegations regarding their feelings of dignity, Defendants are without knowledge or information sufficient to form a belief as to the truth of such averments and therefore they are denied. Upon information and belief, it is admitted that same-sex couples in Pennsylvania may not file their income taxes jointly.   The 2012 Pennsylvania Personal Income Tax Return Booklet speaks for itself, and any statement made inconsistent therewith is denied.

114.   The averments contained in this paragraph are conclusions of law that Defendants are not required to admit or deny.  To the extent a response is required, the allegations are denied.

115.   Admitted.

116.   Upon information and belief, admitted.

117.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment of this paragraph. Therefore, this averment is denied.

118.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment of this paragraph. Therefore, this averment is denied.

119.   The averment contained in this paragraph is a conclusion of law which Defendants are not required to admit or deny.  To the extent a response is necessary, the allegation is denied.

## JURISDICTION AND VENUE

120.   The averment set forth in Paragraph 120 is a conclusion of law to which no response is required.

121.   The averment contained in this paragraph is a conclusion of law which Defendants are not required to admit or deny.

## FACTUAL BACKGROUND

122.   This paragraph contains conclusions of law that Defendants are not required to admit or deny.   To the extent a response is required, Pennsylvania marriage statutes speak for themselves and any statement made inconsistent therewith is denied.   Defendants deny any allegation or suggestion that same-sex marriages were permitted under state law or recognized by the Commonwealth of Pennsylvania prior to the adoption of the cited statutes.

123.   The averments contained in this paragraph are conclusions of law that Defendants are not required to admit or deny. To the extent a response is required, Pennsylvania marriage statutes speak for themselves and any statement made inconsistent therewith is denied.

124.   This paragraph quotes case law, and the Defendants are not required to answer such allegations.   To the extent that a response is required, the Defendants deny that the quoted cases entitle Plaintiffs to relief in this case and deny that same-sex couples are entitled to the same treatment as opposite-sex couples under the law as to marriage in the Commonwealth.

125.   The allegation in this paragraph is denied.

126.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, these averments are denied.

21

127.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.   Therefore, these averments are denied.

128.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.   Therefore, these averments are denied.

129.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.   Therefore, these averments are denied.

130.   The averments contained in this paragraph are conclusions of law that Defendants are not required to admit or deny.  To extent a response is required, it is denied that the legal citations contained in this paragraph are a source of rights for Plaintiffs.

131.   The averments contained in this paragraph and its subparagraphs are conclusions of law that Defendants are not required to admit or deny.  To the extent a response is required, the laws establishing the alleged benefits, privileges, responsibilities, legal protections and statutes speak for themselves; any statement made inconsistent therewith is denied.

132.   The averment contained in this paragraph is a conclusion of law that Defendants are not required to admit or deny.  To the extent a response is required,

the laws establishing the alleged benefits, privileges, responsibilities, legal protections and statutes speak for themselves; any statement made inconsistent therewith is denied.

133.   The averments contained in this paragraph are conclusions of law that Defendants are not required to admit or deny.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the alleged effect Pennsylvania's marriage statutes have on Plaintiffs and, therefore, deny such allegations.

134.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment of this paragraph. Therefore, this averment is denied.

135.   Defendants are without knowledge or information sufficient to form a belief as to the alleged effect Pennsylvania's marriage statutes have on Plaintiffs and, therefore, deny such allegations.

136.   Defendants are without knowledge or information sufficient to form a belief as to the alleged effect Pennsylvania's marriage statutes have on Plaintiffs and, therefore, these averments are denied.

137.   The allegations in this paragraph are denied.

138.   The allegations in this paragraph are denied.

139.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment of this paragraph.  Therefore, this averment is denied.

140.   The averments contained in this paragraph are conclusions of law that Defendants are not required to admit or deny. To the extent a response is required, the allegations are denied.

141.   This paragraph contains quotations and conclusions of law that Defendants are not required to admit or deny. To the extent a response is required, the allegations are denied.

142.   The averments contained in this paragraph are conclusions of law that Defendants are not required to admit or deny. To the extent that a response is required, Defendants deny that the prohibitions are unconstitutional in any respect and under any level of scrutiny and deny that *Windsor* supports Plaintiffs' claims.

143.   The allegations contained in this paragraph are denied.

144.   The averments contained in this paragraph are conclusions of law that Defendants are not required to admit or deny.  To the extent a response is required, such allegations are denied.

145.   The averments contained in this paragraph regarding Commonwealth law regarding adoption speak for themselves, and any statement made inconsistent therewith is denied.

24

146.   The averment contained in this paragraph regarding a rational basis is a conclusion of law that Defendants are not required to admit or deny. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph. Therefore, the remainder of the averment is denied.

147.   The averments in this paragraph contain conclusions of law and quotations from case law that Defendants are not required to admit or deny. By way of further response, Defendants deny that the quoted case law is a source of rights for Plaintiffs in this case.

148.   This paragraph contains conclusions of law which Defendants are not required to admit or deny. To the extent a response is required, they are denied.

149.   Defendants deny the allegations of this paragraph. By way of further response, the 2010 United States Census and the state's interest in the welfare of children speak for themselves; any statement inconsistent therewith is denied. The remaining allegations are denied.

## COUNT I

150.   Defendants incorporate by reference Paragraphs 1 through 149 of this Answer as if fully set forth at length herein.

151.   The averments contained in this paragraph are conclusions of law that Defendants are not required to admit or deny.  By way of further response, the Fourteenth Amendment speaks for itself.

152.   The averments contained in this paragraph are conclusions of law that Defendants are not required to admit or deny. By way of further answer, Defendants deny that same-sex marriage is a constitutionally protected right.

153. Defendants deny that Plaintiffs or other same-sex couples have a fundamental right to same-sex marriage and deny that Pennsylvania law denies them any fundamental rights.

154.   The averments contained in this paragraph are conclusions of law that Defendants are not required to admit or deny. By way of further answer, Defendants deny that same-sex marriage is a fundamental right.

155.   The averments contained in this paragraph are conclusions of law which Defendants are not required to admit or deny. By way of further response, Defendants deny that Plaintiffs or other same-sex couples have a fundamental right to same-sex marriage and deny that Pennsylvania law denies them any such rights. Defendants also deny that Pennsylvania's prohibition on same-sex marriage violates the Due Process Clause.

156.   The averments contained in this paragraph are conclusions of law that Defendants are not required to admit or deny. By way of further response,

Defendants deny that Plaintiffs or other same-sex couples have a fundamental right to same-sex marriage and deny that Pennsylvania law denies them any such rights. Defendants also deny that Pennsylvania's prohibition on same-sex marriage violates the Due Process Clause.

## COUNT II

157.   Defendants incorporate by reference Paragraphs 1 through 156 of this Answer as if fully set forth at length herein.

158.   The averment contained in this paragraph is a conclusion of law that Defendants are not required to admit or deny.  By way of further response, the Fourteenth Amendment speaks for itself.

159.   The averment contained in this paragraph is a conclusion of law that Defendants are not required to admit or deny.  To the extent a response is required, such allegations are denied.  It is further denied that *Windsor* supports Plaintiffs' claims.

160.   The allegations in this paragraph are denied.

161.   The allegation in this paragraph is a conclusion of law to which no response is required.  To the extent that a response is required, the allegation in this paragraph is denied.

162.-165.     The averments of ¶¶ 162-165 are denied as conclusions of law to which no response is required.  To the extent that any portion of paragraphs is

deemed not to be a conclusion of law, it is specifically denied that any of these allegations are relevant to a proper analysis for measuring the constitutionality of a state marriage statute.  By way of further answer, it is specifically denied that the Marriage Statute discriminates against any man or woman, and it is further denied that the Marriage Statute forces any man or woman to abandon a fundamental or constitutionally protected right.  To the contrary, the Marriage Statute treats all men and women equally and identically and is a valid exercise of state sovereignty. Strict proof of Plaintiffs' allegations, if deemed relevant, is demanded at trial.

166.  The averment contained in this paragraph is a conclusion of law that Defendants are not required to admit or deny.  The remaining allegations are denied.

167.  The averments contained in this paragraph are conclusions of law that Defendants are not required to admit or deny.

168.  The averment contained in this paragraph is a conclusion of law that Defendants are not required to admit or deny.

## **<u>COUNT III</u>**

169.  Defendants incorporate by reference Paragraphs 1 through 168 of this Answer as if fully set forth at length herein.

170.   The averment contained in this paragraph is a conclusion of law that Defendants are not required to admit or deny.  By way of further answer, the Equal Protection Clause speaks for itself.

171.   The averment contained in this paragraph is a conclusion of law that Defendants are not required to admit or deny.  By way of further response, the cited statute speaks for itself.

172.   The averments contained in this paragraph are conclusions of law that Defendants are not required to admit or deny.  To the extent a response is requires, this allegation is denied.

173.   The averment contained in this paragraph is a conclusion of law that Defendants are not required to admit or deny.  By way of further response, the cited statute speaks for itself.

174.   The averment contained in this paragraph is a conclusion of law that Defendants are not required to admit or deny.  To the extent a response is necessary, this allegation is denied.

175.   The averment contained in this paragraph is a conclusion of law that Defendants are not required to admit or deny.  By way of further response, it is denied that such legal conclusion is a source of rights or relief for Plaintiffs. To the extent a response is required, such allegations are denied.

176.   It is denied that Defendants have discriminated against Plaintiffs.

177.   The averment contained in this paragraph is a conclusion of law that Defendants are not required to admit or deny.   To the extent a response is necessary, this allegation is denied.

178.   The averment contained in this paragraph is a conclusion of law that Defendants are not required to admit or deny.   To the extent a response is necessary, this allegation is denied.

WHEREFORE, Defendants Secretary Michael Wolf and Secretary Dan Meuser deny that Plaintiffs are entitled to any of the relief requested in their Prayer for Relief and respectfully request that this Honorable Court enter judgment in favor of Defendants and against Plaintiffs along with attorneys' fees and such other relief that this Court deems appropriate.

## AFFIRMATIVE DEFENSES

Defendants reserve the right to assert any and all applicable defenses to Plaintiffs' claims. Defendants have not yet obtained discovery from Plaintiffs in connection with this action, and therefore, Defendants reserve the right to amend or otherwise supplement this pleading on that basis.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any of the relief requested in their Prayer for Relief.

30

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs lack standing to raise any claims on behalf of their children or other same-sex couples and their children.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs lack standing to make any claims for a denial of benefits or privileges or other such matters on the basis of marriage, and such claims are not ripe if Plaintiffs have not applied for such benefits or privileges and had their application denied.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are not ripe.

## FIFTH AFFIRMATIVE DEFENSE

The Commonwealth of Pennsylvania is not required to give recognition to the marriage of Plaintiffs celebrated in other states under 28 U.S.C. § 1738C and other authority.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment must be dismissed under the controlling precedent of *Baker v. Nelson*, 409 U.S. 810 (1972), a case involving similar claims in which the Supreme Court found that no substantial federal question was presented. *Baker* is binding on a U.S. District Court.

## SEVENTH AFFIRMATIVE DEFENSE

To require the Commonwealth of Pennsylvania to recognize same-sex marriages from other jurisdictions, or to require the Commonwealth to permit such marriages to be celebrated in the Commonwealth, would be contrary to the Tenth Amendment and the sovereign interests of the Commonwealth of Pennsylvania.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to costs and attorneys' fees under 42 U.S.C. § 1988.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants are immune from all or part of the claims set forth in Plaintiffs' Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

No act or failure to act on the part of Defendants violated or violates any of Plaintiffs' constitutional rights.  At all times material hereto, the policies and

procedures of Defendants have been reasonable and appropriate and have ensured the protection of all Plaintiffs' rights, privileges, and immunities.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs suffered no injury or damages as a result of any acts or omissions by Defendants.  Any actions Defendants may have taken with respect to Plaintiffs were based on reasonable, legitimate and non-discriminatory factors.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any conduct or action by Defendants was not the proximate, legal or substantial cause of any damages or loss suffered by Plaintiffs, the existence of which is denied.

## SIXTEENTH AFFIRMATIVE DEFENSE

Pennsylvania's Marriage Laws, 23 Pa.C.S. § 1101 *et seq.*, is constitutional under any level of scrutiny.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Pennsylvania's Marriage Laws, 23 Pa.C.S. § 1101 *et seq.*, is are subject to the rational basis test and is rationally related to a legitimate government interest.

WHEREFORE, Defendants, Secretary of Health Michael Wolf and Secretary of Revenue Dan Meuser, respectfully request that this Honorable Court enter judgment in their favor and against Plaintiffs, and award to Defendants attorneys' fees and such other relief that this Court deems appropriate.

**LAMB McERLANE PC**

December 6, 2013                    By: /s/William H. Lamb_____
                                                William H. Lamb, I.D. No.
                                                Joel L. Frank, I.D. No.  46601
                                                24 East Market Street
                                                P.O. Box 565
                                                West Chester, PA  19381

## CERTIFICATE OF SERVICE

This is to certify that in this case complete copies of all papers contained in

the foregoing Answer and Affirmative Defenses to Plaintiffs' First Amended

Complaint have been served upon the following persons electronically;

Mark A. Aronchick, Esquire
John  S. Stapleton, Esquire
Dylan. Steinberg, Esquire
Rebecca S. Melley, Esquire
HANGLEY ARONCHICK, SEGAL, PUDLIN & SCHILLER
One Logan Square, 27th Floor
Philadelphia, PA  19103
*Counsel for Plaintiffs*

James D. Esseks, Esquire
Leslie Cooper, Esquire
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY  10004
*Counsel for Plaintiffs*

Mary Catherine Roper, Esquire
Molly M. Tack-Hooper, Esquire
AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA
P.O. Box 40008
Philadelphia, PA  19106
*Counsel for Plaintiffs*

Witold J. Walczak, Esquire
AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA
313 Atwood Street
Pittsburgh, PA  15213
*Counsel for Plaintiffs*

Seth F. Kreimer, Esquire
3400 Chestnut Street
Philadelphia, PA  19144

*Counsel for Plaintiffs*

Nathan D. Fox, Esquire
BEGLEY CARLIN & MANDIO LLP
680 Middletown Blvd.
Langhorne, PA  19047
*Counsel for Defendant Petrille*

Frank A. Chernak, Esquire
John P. McLaughlin, Esquire
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103

**LAMB McERLANE PC**

By:   /s/ William H. Lamb

Dated:  December 6, 2013          William H. Lamb