**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DEB WHITEWOOD, *et al.*, | : | |
| | : | Civil Action |
| Plaintiffs, | : | |
| | : | 1:13-cv-1861 |
| v. | : | |
| | : | Honorable John E. Jones, III |
| MICHAEL WOLF, in his official | : | |
| capacity as the Pennsylvania | | |
| Secretary of Health, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPLY BRIEF IN SUPPORT OF MOTION OF DEFENDANTS
SECRETARY OF HEALTH MICHAEL WOLF AND SECRETARY OF
REVENUE DAN MEUSER FOR CERTIFICATION AND AMENDMENT
OF ORDER PURSUANT TO 28 U.S.C. § 1292(B)**

In its November 15, 2013 Memorandum and Order, the Court denied the

Motion of Defendants Secretary of Health Michael Wolf and Secretary of Revenue

Dan Meuser to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). By way

of Motion and supporting Memorandum of Law, Defendants respectfully

requested, pursuant to 28 U.S.C. § 1292(b), that the Court amend the Order to state

that "the Order involves a controlling question of law as to which there is

substantial ground for difference of opinion; and (2) an immediate appeal may

materially advance the ultimate termination of the litigation." Defendants submit

this reply brief in response to Plaintiffs' Memorandum in Opposition to

Defendants' Motion. (Doc. 80).

Contrary to Plaintiffs' Memorandum of Law, this Court's Order of November 25, 2013 involves (1) a controlling question of law (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal may advance the ultimate termination of the litigation.

*First*, the controlling question of law at issue is whether, pursuant to the United States Supreme Court's holding in *Baker v. Nelson*, 409 U.S. 810 (1972), this action must be dismissed due to lack of federal subject matter jurisdiction. The question relating to federal subject matter jurisdiction is a threshold legal issue that should be resolved at the outset of litigation and falls within the definition of a controlling question of law – which Plaintiffs appear to ignore in their responsive Memorandum.  *See, e.g.*, *Beazer East, Inc. v. Mead Corp.*, Civ. No. 91-408, 2006 U.S. Dist. LEXIS 74743, *5 (W.D. Pa. Oct. 12, 2006) ("[T]he fundamental issue of subject matter jurisdiction is one of the clearest examples of a 'controlling question of law' within the meaning of § 1292(b).").  Plaintiffs' argument appropriately is devoid of any argument or precedent to the contrary.

*Second*, there is substantial ground for difference of opinion, which is evidenced by the fact that other district courts have come to the exact opposite conclusion when faced with the same issue.  *See Sevcik v. Sandoval*, 911 F. Supp. 2d 996 (D. Nev. 2012) (equal protection challenge to law precluding same-sex marriage is precluded by *Baker*); *Jackson v. Abercrombie*, 884 F. Supp. 2d 1065

(D. Haw. 2012) (*Baker* is "last word" from Supreme Court regarding constitutionality of state law limiting marriage to opposite-sex couples); *Wilson v. Ake*, 354 F. Supp. 2d 1298, 1305 (M.D. Fla. 2005) ("The Supreme Court has not ... provided the lower courts, including this Court, with any reason to believe that the holding [in *Baker*] is invalid today.").

Plaintiffs offer no meritorious argument to rebut this fact. Instead, Plaintiffs focus heavily on whether deciding doctrinal change is appropriately left to the Supreme Court and further mention (in a footnote) that the cases to which Defendants cite predate *United States v. Windsor*, 133 S. Ct. 2675 (2013). (*Doc. 80 at p. 9, n. 3*). *Windsor*, however, did not address *Baker*; and it is well established within the Third Circuit that contrary decisions from other courts constitute substantial grounds for difference of opinion. *See J.L. v. Ambridge Area Sch. Dist.*, Civ. No. 06-1652, 2008 U.S. Dist. LEXIS 26014, at *7 (W.D. Pa. Apr. 1, 2008); *see also Fasano v. Federal Reserve Bank of New York*, 457 F.3d 274, 279 (3d Cir. 2006) (split in authority around country and recent contrary opinion from district court demonstrate substantial difference of opinion). This split in authority – and not just Defendants' disagreement with this Court's decision – establish grounds for a substantial difference of opinion.

*Third*, if the Third Circuit were to determine that the United States Supreme Court's holding in *Baker* precludes this action, the appropriate remedy would be an

immediate reversal, with direction to dismiss the litigation. Plaintiffs

unsuccessfully attempt to distinguish the present action from the issue presented in

*Baker* in an effort to demonstrate that a reversal would not equate to a dismissal of

Plaintiffs' entire claim.

Plaintiffs argue that "*Baker* did not consider the constitutionality of a law

barring recognition of valid marriages of same-sex couples entered into other

jurisdictions." (*Plaintiffs' Memorandum, Doc. 80 at p. 10*). Plaintiffs claim that

even if this Court's decision were reversed on appeal, there still would be

questions to be resolved at trial – namely, the claims of married Plaintiffs seeking

recognition of their out-of-state marriages.

To the contrary, *Baker* involved the same issues presented here. Thus,

should this Court's decision be reversed, the entire case would be dismissed.

*Baker* involved a request to the United States Supreme Court to review an appeal

from the Supreme Court of Minnesota, which had held that a state law banning

same-sex marriages does not violate the Due Process and Equal Protection Clauses

of the United States Constitution. These are the same claims Plaintiffs have

brought in the present action. The fact that *Baker* involved an older law does not

distinguish it from Plaintiffs' assertions. As recognized in *Sevcik v. Sandoval*, 911

F. Supp. 2d 996 (D. Nev. 2012), an equal protection claim asserting states may not

refuse to *permit or recognize* same sex marriages performed in other states is a

"garden variety equal protection challenge precluded by *Baker*." Plaintiffs have not made any claims or raised any issues that fall outside of *Baker*; a reversal would eliminate the need for a trial completely.

For the foregoing reasons and those set forth more fully in Defendants' Memorandum of Law in support of their Motion, Defendants Secretary of Health Michael Wolf and Secretary of Revenue Dan Meuser respectfully request that the Court certify its Order pursuant to 28 U.S.C. § 1292(b).

Date: December 10, 2013

Respectfully submitted,

By:     /s/ William H. Lamb
        William H. Lamb
        Joel L. Frank
        LAMB MCERLANE PC
        24 East Market Street
        West Chester, PA  19380
        (610) 430-8000

        *Counsel for Defendants*
        *Secretary of Health Michael*
        *Wolf and Secretary of Revenue*
        *Dan Meuser*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Reply Brief in Support of

Motion of Defendants Secretary of Health Michael Wolf and Secretary of Revenue

Dan Meuser for Certification and Amendment of Order Pursuant to 28 U.S.C. §

1292(b) was served on this, the 10th day of December, 2013, to the attorneys of

record as follows:

Mark A. Aronchick, Esquire
John S. Stapleton, Esquire
Dylan. Steinberg, Esquire
Rebecca S. Melley, Esquire
HANGLEY ARONCHICK, SEGAL, PUDLIN & SCHILLER
One Logan Square, 27th Floor
Philadelphia, PA 19103
*Counsel for Plaintiffs*

James D. Esseks, Esquire
Leslie Cooper, Esquire
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
*Counsel for Plaintiffs*

Mary Catherine Roper, Esquire
Molly M. Tack-Hooper, Esquire
AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA
P.O. Box 40008
Philadelphia, PA 19106
*Counsel for Plaintiffs*

Witold J. Walczak, Esquire
AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA
313 Atwood Street
Pittsburgh, PA 15213
*Counsel for Plaintiffs*

Seth F. Kreimer, Esquire
3400 Chestnut Street
Philadelphia, PA  19144
*Counsel for Plaintiffs*

M. Abbegael Giunta Deputy Attorney General
Gregory R. Neuhauser, Chief Deputy Attorney General
OFFICE OF ATTORNEY GENERAL
Strawberry Square, 15th Floor
Harrisburg, PA  17120
*Counsel for Defendant Kane*

Nathan D. Fox, Esquire
BEGLEY CARLIN & MANDIO LLP
680 Middletown Blvd.
Langhorne, PA  19047
*Counsel for Defendant Petrille*

John P. McLaughlin, Esquire
Frank A. Chernak, Esquire
BALLARD SPAHR LLP
1735 Market Street, 15th Floor
Philadelphia, PA 19103
*Counsel for Defendant Petrille*

**LAMB McERLANE PC**

By: /s/*William H. Lamb*
William H. Lamb
Attorney I.D. No. 04927
24 East Market Street
P.O. Box 565
West Chester, PA  19381
wlamb@chescolaw.com
(610) 430-8000