IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WHITEWOOD, *et al.*, | Civil Action |
| Plaintiffs, | |
| v. | No. 13-1861-JEJ |
| WOLF, *et al.*, | |
| Defendants. | |

PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION OF JAMES SCHNELLER AND PHILADELPHIA METRO TASK FORCE TO INTERVENE

**I.  INTRODUCTION**

James Schneller seeks leave to intervene in this action, on behalf of himself and as a representative of his unincorporated association, Philadelphia Metro Task Force,[1] in order to defend the constitutionality of Pennsylvania's Marriage Law.

---

[1] It is doubtful that Philadelphia Metro Task Force ("PMTF") has the capacity to participate in this case, either on its own behalf or as a representative of its members, because it does not appear from the Motion to Intervene that either PMTF or any of its members can demonstrate the existence of any legally protectable interest in the case. More fundamentally, however, PMTF cannot appear in this Court *pro se*. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-203 (1993) (corporations and all other

Mr. Schneller wishes to submit evidence and argument in opposition to Plaintiffs' allegations in a manner he believes will "balance the record and argument in this case," and to be in a position to appeal any adverse determination. He does not seek any relief apart from the preservation of Pennsylvania's ban on marriage by gay and lesbian couples.

Mr. Schneller seeks intervention as of right pursuant to Fed. R. Civ. P. 24(a) or, in the alternative, permissive intervention pursuant to Fed. R. Civ. P. 24(b). This Court should deny both requests because Mr. Schneller has not identified a sufficient legal interest in the litigation and cannot demonstrate that his interests are distinct from or not fully represented by the Commonwealth Defendants. Finally, permitting Mr. Schneller to intervene will cause unnecessary delay and increase the cost and expense of this litigation.

---

artificial entities may appear in the federal courts only through licensed counsel). Mr. Schneller does not claim to be a licensed attorney, so he cannot serve as the attorney for PMTF. As PMTF does not claim to have any interests different or distinct from those of Mr. Schneller, Plaintiffs will not analyze PMTF's entitlement to intervene separately, but will note that PMTF's motion to intervene should fail for the same reasons as Mr. Schneller's individual motion.

## II.     ARGUMENT

### A.     <u>Mr. Schneller May Not Intervene "As of Right" Because He Cannot Meet the Standard Under Rule 24(a).</u>

Mr. Schneller's motion to intervene as of right under Rule 24(a) should be denied because he has not shown that he has a legally protected interest in the litigation that will be affected or impaired by the outcome and because he has not shown that any interest he has will not be adequately represented by the Commonwealth Defendants.

Federal Rule of Civil Procedure 24(a) provides, in pertinent part:

> **(a) Intervention as of Right.**  On timely motion, the court **must** permit anyone to intervene who:
> …
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a) (emphasis added).

An intervenor's interest must be one that is "significantly protectable." *Donaldson v. United States*, 400 U.S. 517, 531 (1971).  A person seeking leave to intervene must demonstrate that:  (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter, by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.

*Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998); *Brody v. Spang*, 957 F.2d 1108, 1115 (3d Cir. 1992); *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987). The applicant bears the burden of demonstrating that he has met all four prongs of this conjunctive test. *United States v. Alcan Aluminum, Inc.,* 25 F.3d 1174, 1181 n. 9 (3d Cir. 1994). If a person fails on any one prong of this test, he is not entitled to intervene as of right. *Sch. Dist. of. Phila. v. Pa. Milk Mktg. Bd.,* 160 F.R.D. 66, 68 (E.D. Pa. 1995) (citing *Nat'l Wildlife Fed'n v. Hodel*, 661 F. Supp. 473, 474 (E.D. Ky. 1987)). With the exception of timeliness, Mr. Schneller's motion to intervene fails with regard to each of these elements.

### 1. Mr. Schneller has not set forth a significant, legally protectable interest that will be affected or impaired by this litigation.

Mr. Schneller's asserted interests are, for the most part, not legally protectable. Those that are protectable are too remote to be affected or impaired, as a practical matter, by this litigation. An applicant for intervention must have a "significantly protectable" interest that is related to the subject of the action. *Kleissler*, 157 F.3d at 969 (citing *Donaldson*, 400 U.S. at 531). Mr. Schneller's asserted interest is in preventing the recognition of same-sex marriage because it offends him morally and because he sees a threat in the accomplishments and tactics of those he labels "homosexual activists." But this is not the sort of "significantly protectable interest" that allows for intervention, as Mr. Schneller does not have a right to see others discriminated against. *See, e.g., Harris*, 820

F.2d at 601 (district attorney who sought to intervene to prevent the enforcement of a jail population cap imposed as a remedy for overcrowding "can have no interest in assuring the incarceration of persons under unconstitutional conditions").

Mr. Schneller's assertions that lifting Pennsylvania's ban on marriage for lesbian and gay couples could lead to discrimination against him or an impairment of his ability to exercise his religious beliefs, also are not sufficient to warrant intervention. The polestar of determining whether an identified interest in litigation is "significantly protectable," and therefore grounds for intervention, is whether the interest is "direct" or "remote." *Kleissler*, 157 F.3d at 972. A "direct" interest is one that is "specific to [the intervenor], is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought." *Id.* "The interest may not be remote or attenuated." *Id.* The applicant for intervention "must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene." *Harris*, 820 F.2d at 601 (internal citation omitted).

Mr. Schneller's asserted interest in avoiding discrimination and suppression of his religious views is too remote to meet this test. Mr. Schneller does not explain how allowing the Plaintiffs to marry (or recognizing their out of state marriages) would result in discrimination against him and suppression of his religious exercise, and the connection is by no means obvious. Allowing such marriages would impose no obligation upon Mr. Schneller. He has not made any

5

showing that he will be "directly affected in a substantially concrete fashion by the relief sought." *See Kleissler*, 157 F.3d at 972. His interest in this suit is, therefore, too remote to qualify as "significantly protectable." [2]

Nor is this a case in which the specifics of the remedy sought could alter Mr. Schneller's legal rights and responsibilities. *Cf. Benjamin ex rel. Yock v. DPW*, 701 F.3d 938 (3d Cir. 2012). The only relief sought in this case is elimination of Pennsylvania's refusal to recognize marriages of gay and lesbian couples, which, as discussed, will have no concrete effect on Mr. Schneller, even if it offends him morally.

As Mr. Schneller has failed to satisfy the second and third prongs of the test for intervention as of right, his motion under Rule 24(a) should be denied on this basis alone.

---

[2] Alternatively, Mr. Schneller asserts that he has standing to intervene because, as a taxpayer, he will have to pay for costs associated with administrative changes required by state recognition of same-sex marriages if Plaintiffs prevail. Br. in Supp. Mot. to Intervene at 16. This argument is meritless, as it amounts to a challenge to "an incidental expenditure of tax funds in the administration of an essentially regulatory statute" which is insufficient to convey taxpayer standing. *See Flast v. Cohen*, 392 U.S. 83, 102 (1968).

## 2. Any Interest Mr. Schneller Has in the Non-Recognition of Same-Sex Marriages is Adequately Represented by the Commonwealth Defendants.

Mr. Schneller's intervention argument also fails because he has not shown that the Commonwealth Defendants will not adequately represent his interests in this litigation. *See Hoots v. Pennsylvania*, 672 F.2d 1133, 1135 (3d Cir. 1982). The Commonwealth Defendants are government officials who are responsible for the enforcement of Pennsylvania's laws and policies prohibiting marriage and the recognition of marriage of same-sex couples, including 23 Pa. Cons. Stat. §§ 1102 and 1704. Where official policies and practices are challenged, there is a presumption that the involved governmental department and its officers will adequately defend those policies and practices. *See Comm. v. Rizzo*, 530 F.2d 501, 505 (3d Cir. 1976) (observing that "it seems unlikely that anyone [other than the governmental department and its officers] could be better situated" to defend governmental policies and practices); *see also Del. Valley Citizens' Council for Clean Air v. Comm. of Pennsylvania*, 674 F.2d 970, 973 (3d Cir. 1982) ("When a state is a party to a suit involving a matter of sovereign interest, it is presumed to represent the interests of its citizens."); *Daggett v. Comm'n on Governmental Ethics and Election Practices*, 172 F.3d 104, 111 n.2 (1st Cir. 1999) (presumption of adequacy of government representation can apply in cases where the government is a defendant, defending a statute from attack).

An interest is not "adequately represented" when:

(1) Although applicants' interests are similar to those of a party, they are sufficiently diverse that there is a risk that the existing party cannot or will not devote proper attention to the applicant's interest;

(2) There is collusion between the representative party and the opposing party;

(3) The representative party has not been diligent in prosecuting the litigation…

*Hoots*, 672 F.2d at 1135 (citations omitted). Mr. Schneller has not identified any lack of diligence or divergence of interests by the Commonwealth Defendants, who have vigorously defended this case to date, with every indication that they intend to continue to do so. Mr. Schneller has not made any tenable arguments that Defendants are acting in gross negligence or bad faith.[3] Similarly, he has not made any assertions of collusion between Defendants and Plaintiffs, apart from his vague (and legally irrelevant) concerns that defense counsel may have more sympathy for the idea of equal rights for lesbian and gay people than Mr. Schneller does. These vague concerns are not sufficient to overcome the presumption that Defendants, as

---

[3] Mr. Schneller argues that he would develop the facts better and more vigorously than Defendants. Br. in Supp. Mot. to Intervene at 5-6. Even if this were true, it would not make him a proper intervenor. *See, e.g., United States v. Philadelphia*, 798 F.2d 81, 90 (3d Cir. 1986) (difference of opinion as to litigation strategy, such as whether to stipulate to certain facts or how vigorously to challenge evidence, is not sufficient to show inadequate representation); *Comm. v. Rizzo*, 530 F.2d at 505 (same).

government officials charged with enforcement of the laws in question, will provide adequate representation.

> B. **Mr. Schneller Should Not Be Granted Permissive Intervention Under Fed. R. Civ. P. 24(b) Because He Does Not Have a Claim or Defense Which Shares a Common Question of Law or Fact With the Main Action and Because His Participation Would Add Nothing Except Complication, Delay, and Additional Cost.**

Mr. Schneller also does not meet the requirements for permissive intervention because he does not have a claim or defense to assert and because permitting him to intervene will unduly delay and prejudice the current parties' rights. Permissive intervention is granted solely in the Court's discretion and is governed by Federal Rule of Civil Procedure 24(b), which provides:

> On timely motion, the court **may** permit anyone to intervene who:… has a claim or defense that shares with the main action a common question of law or fact…"

Fed. R. Civ. P. 24(b)(1) (emphasis added).

Mr. Schneller has not articulated any claim or defense that "shares with the main action a common question of law or fact." *See* Fed. R. Civ. P. 24(b)(1)(B). The concerns expressed in his brief, however strongly held, do not constitute legal claims.[4] Moreover, it is clear from Mr. Schneller's filings that there is no position,

---

[4] Mr. Schneller has also failed to comply with Fed. R. Civ. P. 24(c)'s requirement of submitting, with his motion to intervene, "a pleading that sets out the claim or defense for which intervention is sought."

apart from the alleged improper influence of "homosexual activists" upon the courts, that Mr. Schneller would advance but that the Defendants would not.

Rule 24(b) requires a court to consider, when exercising its discretion, "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). A court should consider various factors, including whether the proposed intervenors will add anything to the litigation and whether the proposed intervenors' interests are already adequately represented in the litigation. *Hoots*, 672 F.2d at 1136.

In this case, there is nothing to be gained by the intervention except additional complexity and delay. Mr. Schneller has noted his objection to the trial schedule set by the court – which was set after being argued by counsel both in writing and orally – indicating that he may seek to postpone the trial date. Mot. for Leave to Intervene ¶ 17 ("The alacrity of the proceedings in this case is unexplained and conceivably excessive."). Adding another party for the reasons stated in Mr. Schneller's motion would not add value but only unnecessary complications to the case. The Court should deny Mr. Schneller's motion for permissive intervention under Rule 24(b).

    **C.**    **Mr. Schneller Can Participate As *Amicus Curiae*.**

Granting Mr. Schneller leave to participate as *amicus curiae* is sufficient in this case. Despite his arguments that he will not be able to participate as fully if

granted only *amicus curiae* status rather than intervenor status, this would be an appropriate alternative course of action given Mr. Schneller's failure to fulfill Rule 24's requirements. *See Liberty Resources, Inc. v. Philadelphia Housing Authority*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005) (a court may allow participation as an *amicus curiae* if standard for intervention is not met).

## III. CONCLUSION

For the foregoing reasons, the Court should deny the motion of Mr. Schneller and Philadelphia Metro Task Force to Intervene as Defendants in this case.

Respectfully submitted,

Dated: January 8, 2014

HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER

By: /s/ Mark A. Aronchick
Mark A. Aronchick
John S. Stapleton
Dylan J. Steinberg
Rebecca S. Melley
One Logan Square, 27th Floor
Philadelphia, PA 19103
(215) 568-6200

Helen E. Casale
401 DeKalb Street, 4th Floor
Norristown, PA 19401
(610) 313-1670

*Counsel for Plaintiffs*

11

ACLU FOUNDATION OF
PENNSYLVANIA

By: /s/ Witold J. Walczak
    Witold J. Walczak
    313 Atwood Street
    Pittsburgh, PA 15213
    (412) 681-7736

    Mary Catherine Roper
    Molly Tack-Hooper
    P.O. Box 40008
    Philadelphia, PA 19106
    (215) 592-1513

*Counsel for Plaintiffs*

James D. Esseks
Leslie Cooper
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500

*Counsel for Plaintiffs*

Seth F. Kreimer
3400 Chestnut St.
Philadelphia, Pa. 19104
(215) 898-7447

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of January, 2014, I caused the foregoing Plaintiffs' Brief in Opposition to the Motion to Intervene of James Schneller and Philadelphia Metro Task Force to be filed electronically using the Court's electronic filing system, and that the filing is available to counsel for all parties for downloading and viewing from the electronic filing system.

    /s/ Mary Catherine Roper
Mary Catherine Roper