IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEB WHITEWOOD, *et al.*, | : | 1:13-cv-1861 |
| | : | |
| Plaintiffs, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | |
| MICHAEL WOLF, *in his official* | : | |
| *capacity as Secretary, Pennsylvania* | : | |
| *Department of Health*, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

### February 6, 2014

Presently pending before the Court is the Motion for Leave to Intervene (Doc. 77) in the above-captioned matter, filed by Mr. James D. Schneller, a Pennsylvania citizen, and the Philadelphia Metro Task Force ("PMTF"), a *soi-disant* family-values based community group co-founded by Mr. Schneller (collectively, "Intervenors").  For the reasons that follow, the Motion shall be denied.

**I.   BACKGROUND**

Plaintiffs initiated this action on July 9, 2013, seeking a declaration that certain provisions of Pennsylvania's Marriage Law are unconstitutional, namely, the definition of marriage as between "one man and one woman," 23 Pa. C. S. §

1102, and the directive that same-sex marriages legally entered into in other jurisdictions be considered void in Pennsylvania, *id.* § 1704. In their claim for relief, Plaintiffs request, among other things, a declaratory judgment that 23 Pa. C. S. §§ 1102 and 1704 violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and a permanent injunction enjoining Defendants from denying same-sex couples the right to marry in Pennsylvania and directing Defendants to recognize marriages validly entered into by same-sex couples outside of the Commonwealth.

On September 30, 2013, Defendants filed motions to dismiss (Docs. 24, 25, 26, 27), centrally arguing that the Court lacked subject matter jurisdiction over the proceeding. While the motions were pending, Plaintiffs filed an Amended Complaint (Doc. 64) that named additional plaintiffs possessing similar claims and reflected the voluntary dismissal of various defendants and the addition of Defendant Secretary Meuser.[1] We issued a Memorandum and Order (Doc. 67) on November 15, 2013, denying Defendants' motions. Thereafter, Defendants Secretary Wolf and Secretary Meuser, on November 25, 2013, filed a motion to

---

[1] The parties stipulated, however, that the motions to dismiss would be considered to apply to the amended complaint. (Doc. 59, ¶ 11).

certify our Order for interlocutory review (Doc. 76), and, after full briefing, we denied the motion (Doc. 87).

Intervenors filed the instant Motion for Leave to Intervene (Doc. 77) on November 26, 2013.  Intervenors' Motion has been fully briefed (Docs. 90, 93, 94) and, thus, is ripe for our review.

## II.    DISCUSSION

Intervenors seek to intervene pursuant to Federal Rule of Civil Procedure 24(a), providing for intervention of right, and 24(b), outlining permissive intervention.  We will discuss each theory in turn, but first address Plaintiff's contention that PMTF may not proceed unrepresented by counsel.

As a preliminary matter, Plaintiffs argue that Mr. Schneller, a non-lawyer, may not assert legal claims in federal court on behalf of PMTF.  *See Rowland v. Cali. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993).  In response, Intervenors summon Pennsylvania law, including a provision of the Pennsylvania Code pertaining to administrative practice and procedure, *see* 1 Pa. Code. § 31.21, and note that Mr. Schneller and PMTF have previously been permitted to proceed *pro se* in state forums.  They cite various federal cases which have made exceptions to the counsel requirement, and state, without clear explanation, that "Third Circuit cases are not on point on this issue."  (Doc. 94, p.

9). Finally, Intervenors urge that our discretion to allow PMTF to proceed *pro se* be informed by, among other things, "the stigma and fear of reprisals from homosexual activists, causing low membership and corresponding low resources"; the media's negative treatment of "pro-family proponents"; Mr. Schneller's status as a member of PMTF; and the public importance of the underlying cause of action. (*Id.* at p. 10).

The United States Supreme Court has expressed that "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel" and that "the rationale for that rule applies equally to all artificial entities." *Rowland*, 506 U.S. at 201-02; *see also Dougherty v. Snyder*, 469 Fed.Appx. 71, 72 (3d Cir. 2012) (*per curiam*) (dismissing the appeal of a single-member LLC where the sole member was a non-lawyer and attempted to assert claims on behalf of the entity; reasoning that "even single-member LLCs have a legal identity separate from their members" (citations omitted)). We see no reason to depart from this well-established precedent. In *Rowland*, the Supreme Court noted two cases involving a deviation from the rule, commenting that they "neither follow federal precedent, nor have themselves been followed." *Rowland*, 506 U.S. at 202 n. 5. Further, we are unpersuaded by Intervenors' efforts to distinguish this case from those declining to grant an exception to the general rule.

Accordingly, we will address only Mr. Schneller's Motion for Leave to Intervene, noting that our analysis *infra* – ultimately rejecting Mr. Schneller's arguments – would largely apply to defeat the Motion of PMTF had it been represented by counsel.

### A.   Intervention of Right

For intervention of right, the Federal Rules of Civil Procedure relevantly provide that,

> [o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

FED. R. CIV. P. 24(a)(2).  The Third Circuit has interpreted that a movant must demonstrate four elements to meet this standard: (1) a timely filing seeking leave to intervene; (2) a sufficient interest in the proceeding; (3) danger that the interest will be impaired or affected, for practical purposes, by the disposition of the underlying matter; and (4) that existing parties to the suit do not adequately represent the movant's interest.  *See*, *e.g.*, *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005) (citing *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998)).

As there is no dispute as to whether Mr. Schneller's motion is timely (Doc. 93, p. 4), we begin by assessing the sufficiency of the interest asserted by Mr. Schneller. Although courts have struggled to explicitly define the nature of the interest required for intervention of right, *see Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995), the Third Circuit has issued some general guidance. To meet this prong of the test, a prospective intervenor must fundamentally demonstrate that his interest relates to the subject of the underlying proceeding, *i.e.*, that it is "significantly protectable." *Kleissler*, 157 F.3d at 969 (quoting *Donaldson v. United States*, 400 U.S. 517, 531 (1971)) (internal quotation marks omitted). The asserted interest must be "a cognizable legal interest, and not simply an interest 'of a general and indefinite character.'" *Brody By and Through Sugzdinis v. Spang*, 957 F.2d 1108, 1116 (3d Cir. 1992) (quoting *Harris v. Pernsley*, 820 F.2d 592, 601 (3d Cir. 1987)) (internal quotation marks omitted); *see Treesdale, Inc.*, 419 F.3d at 220-21; *Mountain Top Condo. Ass'n*, 72 F.3d at 366. *But see Benjamin ex rel. Yock v. DPW of Pa.*, 701 F.3d 938, 951 (3d Cir. 2012) ("A proposed intervenor's interest need not be a legal interest, provided that he or she 'will be practically disadvantaged by the disposition of the action.'" (quoting, indirectly, 7C CHARLES ALAN WRIGHT ET AL., FEDERAL

PRACTICE AND PROCEDURE § 1908 (2d ed. 1986)).  Furthermore, the interest must be direct.  As the Court in *Kleissler* stated,

> the polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or remote.  Due regard for efficient conduct of the litigation requires that intervenors should have an interest that is specific to them, is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought.  The interest may not be remote or attenuated.

*Kleissler*, 157 F.3d at 972.

Here, Mr. Schneller is a resident of Delaware County, Pennsylvania, and he is the principal of PMTF, described in the Motion as "a community organization formed to support and encourage upholding of family values and morality in government, in the southeastern Pennsylvania region." (Doc. 77, ¶¶ 1-2).[2]  He argues that his interests in this litigation encompass "liberty, religious expression, freedom from seizure and confiscation (such as confiscation of vested rights or torts now, or eligible to be, litigated), equal treatment, and other basic rights, and

---

[2] As background, we note Mr. Schneller's explanation that his motion to intervene stems from observations of "a prevalent positioning towards center by parties supporting traditional values" as well as a number of municipal developments and judicial decisions favoring homosexual rights.  (Doc. 77, ¶ 18).  In his view, "[t]hese and similar capitulations to the diligence of the 'sexual orientation' bloc are increasingly a function of unrealistically limited defenses, concurrent with tacit or express judicial approval, maximizing the voluminous, but hastened, position that sexual orientations existing in conflict with natural realities, cause protected status and basic liberty rights, this juxtaposed with some courts' refusals to discuss moral and biological realities in anything but broad, speculative, and condescending terms." (*Id.*).

regarding property interests . . ..." (Doc. 90, p. 4). He shorthands the perceived threat to his interests as "reverse discrimination" impacting his religious freedoms. (*Id.*). Plaintiffs centrally counter that Mr. Schneller's asserted interests are too remote to support intervention of right. They highlight that he "does not explain how allowing the Plaintiffs to marry (or recognizing their out of state marriages) would result in discrimination against him and suppression of his religious exercise" and remark that "the connection is by no means obvious." (Doc. 93, p. 5).

We agree with Plaintiffs that Mr. Schneller has failed to demonstrate a sufficient interest in this matter. Mr. Schneller expresses general concerns regarding liberty and religious freedom, but such interests are too attenuated and indefinite to satisfy the requirement that an interest be direct and significantly protectable.[3]

---

[3] Parenthetically, we note that some courts have found that an intervenor has a significantly protectable interest where the party actively supported the passage of contested legislation. *See Jackson v. Abercrombie*, 282 F.R.D. 507, 514-16 (D. Hawaii 2012) (finding that a public interest group which actively supported the passage of a constitutional amendment allowing the Legislature to reserve marriage to opposite-sex couples, had a sufficient interest in the litigation challenging that provision to intervene as of right). Notably, neither Mr. Schneller nor PMTF assert such a connection to the law at issue.

As we determine that Mr. Schneller has not met the fundamental requirement of possession of a sufficient interest in the litigation, it is not necessary to analyze impairment of interest or the adequacy of representation.

### B.     Permissive Intervention

Turning to permissive intervention, a court may allow anyone to intervene who files a timely motion and, *inter alia*, "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). In making this determination, a court is required to consider whether intervention will "unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3); *see also* 6 MOORE'S FEDERAL PRACTICE - CIVIL § 24.10 ("In essence, considerations of trial convenience dominate the question of whether to allow permissive intervention."). "[A]s the doctrine's name suggests, [it] is within the discretion of the district court" whether to grant permissive intervention. *Brody*, 957 F.2d at 1124.

Mr. Schneller argues that, in seeking to uphold Pennsylvania's Marriage Law, his defense shares a common question of law or fact with the underlying suit. He notes that his participation in the proceeding would be valuable due to his "unique perspective and zeal in the religious freedom, free speech, and liberty interests aspect" due, in part, to previous efforts at the municipal level opposing

ordinances favorable to the homosexual community.  (Doc. 90, p. 14).  Plaintiffs counter that Mr. Schneller has not advanced a claim or defense sharing with the primary action a common question of law or fact, commenting that "[t]he concerns expressed in his brief, however strongly held, do not constitute legal clams."  (Doc. 93, p. 9 (footnote omitted)).  As to delay and prejudice, Plaintiffs express their view that "there is nothing to be gained by the intervention except additional complexity and delay."  (*Id.* at p. 10).[4]

We find that permissive intervention is not appropriate in this case.  Mr. Schneller's position upholding Pennsylvania's Marriage Law will be ably represented by the Commonwealth Defendants, and, based on the nature of Mr. Schneller's filings, we anticipate that his participation may indeed introduce undue complexity and hinder the speedy resolution of this case.  *See Hoots v. Commonwealth of Pa.*, 672 F.2d 1133, 1136 (3d Cir. 1982) ("[W]here, as here, the interests of the applicant in every manner match those of an existing party and the party's representation is deemed adequate, the district court is well within its

---

[4] Plaintiffs also note that Mr. Schneller did not attach a pleading setting forth his claim or defense, thereby failing to comply with Rule 24(c).  *See* FED. R. CIV. P. 24(c) (directing that a motion to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought").  Mr. Schneller acknowledges this defect but "request[s] alleviation from that requirement because no other party has yet filed such" and "because the motion and . . . brief clearly explain [his] position . . .."  (Doc. 90, p. 15).  Even excepting this deficiency, for the reasons *infra*, we would nonetheless deny permissive intervention.

discretion in deciding that the applicant's contributions to the proceedings would be superfluous and that any resulting delay would be 'undue.'"); *see also Kleissler*, 157 F.3d at 970 (cautioning against intervention where "the focus of the litigation would be unduly dissipated or case management would become exceptionally complex").[5]

### III.  CONCLUSION

At bottom, Mr. Schneller seeks a platform to inject into this case what we assume are deeply held personal and religious beliefs regarding the subject matter at issue.  While he may do so in the court of public opinion, his intervention in this federal court proceeding is inappropriate and shall not be permitted.  Accordingly, the Court will deny Intervenors' motion, both as to intervention of right and permissive intervention.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**

1. Intervenors' Motion for Leave to Intervene (Doc. 77) is **DENIED** in its entirety.

---

[5] To the extent Mr. Schneller additionally forwards an argument that he possesses standing to intervene, such contention need not be addressed in light of the foregoing analysis.

                        <u>s/ John E. Jones III</u>
                        John E. Jones III
                        United States District Judge