IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF PENNSYLVANIA


Deb Whitewood and Susan Whitewood,
Fredia Hurdle and Lynn Hurdle, Edwin Hill and
David Palmer, Heather Poehler and Kath Poehler,
Fernando Chang-Muy and Len Rieser, Dawn Plummer
and Diana Polson, Angela Gillem and Gail Lloyd,
Helena Miller and Dara Raspberry, Ron
Gebhardtsbauer and Greg Wright, Marla Cattermole
and Julia Lobur, et al              plaintiffs

v.

Michael Wolf, in his official capacity as Secretary
of the Pennsylvania Department of Health,
Dan Meuser,   Donald Petrille, Jr., in his official
capacity as Register of Wills and Clerk of Orphans'
Court of Bucks County              defendants

Civil Action

No. 13-1861-JEJ


MOTION FOR RECONSIDERATION WITH
MOTION FOR AMENDED FINDINGS


    Applicants for intervention James D. Schneller and Philadelphia Metro Task Force
("applicants"), request reconsideration and amendment or vacating of the order denying
the motion for intervention, and opening for evidence, pursuant to F.R.C.P. 59 and
F.R.C.P. 60, and request amendment of findings pursuant to F.R.C.P. 52, stating as
follows:


I.    INTRODUCTION

  1)    The purpose of a motion for reconsideration is to correct manifest errors of law or

fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki 779 F.2d 906, 909 (3d Cir. 1985), cert. denied 476 v.5. l 17190 L. Ed. 2d 982 106 5 Ct. 2895 (1986)

2)     Applicants claim error of law sufficient for the  grant of reconsideration, and claim error of fact in the opinion, all of which is of a volume that is believed to overcome the threshold required for reconsideration, and for vacating or amending the Order, including after  testimony or jury proceeding. Rule 59(e) has been interpreted as covering motions to vacate judgments, not just motions to modify  Edward H. Bohlin Co. v. Banning Co.. 6 F.3d 350(5th Cin19) Under  F.R.C.P. 59(a)(2) entitled *Further Action After a Nonjury Trial.* After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

3)     A judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir.1995); New Chemic (U.S.). Inc. V Fine Grinding Corp.. 948 F.Supp. 17, 18-19 (E.D.Pa.1996)). A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence,* 226 F.Supp.2d 588, 606 (M.D.Pa.2002)   Rule 59(e) has been interpreted as covering motions to vacate judgments, not just motions to modify or amend.  Edward H. Bohlin Co. v. Banning Co.. 6 F.3d 350(5th Cin19)

4)     Amendment of the order pursuant to F.R.C.P. Rule 59, and argument or hearing, are warranted including because the issues underlying the motion are numerous, causing a need to air in full any defenses raised, and also applicants proceed pro se and so fear that the motion may be overcome by a starkness, generalness, and/or hyperbole of oppositions presented,  where the defenses are in need of a wider discussion.  Also, applicant(s) hope to heighten the defense by adding reasons, though they may not constitute new evidence, yet have been precluded.

## II.    REASONS WHY RECONSIDERATION, OPENING FOR NEW EVIDENCE, AND/OR VACATING OR AMENDING ARE REQUESTED

5)    The Court has granted the motion without a hearing or opportunity for hearing arguments on the merits.

6)    The plaintiffs have not filed an answer to the application to intervene.

7)    For the reasons stated in the preceding two paragraphs, due process access to justice and a fair tribunal have been deprived.

8)    Moreso, there has been no opportunity for the parties to enjoy the adversary system, including through cross examination and to be cross examined.

9)    At the same time, plaintiffs have apparently been allowed a general perception of the applicant's claim as a set of legal conclusions, where, in reality, applicants seek to intervene, and believe that intervention stands, in one respect, to heighten fairness and fullness, because applicants hold  much evidence, and are prepared to submit their evidence unencumbered.

10)    Judgment supported by no evidence on essential elements violates due process.

11)    Decisions have in recent weeks been entered in Federal Courts in certain states, subsequent to the Supreme Court's release of the Windsor decision and summarily granting judgments akin to those sought here.    Applicants implore the Court that Pennsylvania ought not be subjected to judicial determinations with this weight and deep effect on society, without fact and argument on this matter and on the merits overall.

12)    At the least, yet validly, reversal and grant of intervention will afford an impetus to the defense to be at their best and to have at their disposal the widest and most up to date fact.

13)    With all caution, applicants believe the Court's decision is itself evidence of strong possibility of prejudgment, and an indeterminate but perceivable momentum outside of the record, favoring plaintiffs.

14)    The failure of plaintiffs to file an answer occurs in related tandem with acts of similarly motivated plaintiffs in concurrent Pennsylvania cases seeking similar remedies concerning the marriage law, of designating applicants' claims as conclusions of law, rather than many of such claims' standing as fact and mixed fact and law.  Applicants are

deeply apprehensive that each of these cases is hoped to be decided purely as a matter of law.

15)     All of the above are heightened reason for the requested relief, in light of the "strong" policy of the Commonwealth to maintain the biological requirement for the definition of marriage, stated in the Marriage Act, and unmistakable policy enshrined in the Religious Freedom Protection Act, and refusal of the assembly to add to Hate Crimes Law nor to the Human relations Act

16)     The Court's decision is already being heralded in other cases in which applicants litigate these and related claims, as law of the case or other support, despite the within stated circumstances.


## III. REQUEST FOR AMENDED FINDINGS

17)     Applicants request amendment of the characterization of them as "soi-disant family values based community group" because the association is not a self-proclaimed family values group in the egocentric sense but, rather, holds and promotes the values held by many such organizations nationwide, notably, the group which was responsible in ample portion for the vote of the people of California for a definition of marriage.

18)     Applicants request amendment of the findings on page 8 and page 6 of remoteness, and "attenuated and indefinite," and apparent lack of being 'practically disadvantaged by the disposition of the action,'  because they, or James Schneller alone, inter alia,  are not only members of a suspect class, but are citizens standing to be deeply and permanently affected in ways not common to the populace nor even to said class, and an aspect of remoteness alone, and in insufficient cumulativeness, is not sufficient to preclude intervention.

19)     Applicants request findings why the grant of intervener status would introduce undue complexity and hinder the speedy resolution of this case (page 10) or why unduly dissipated or case management would become exceptionally complex". (page 11).

IV. CONCLUSION

WHEREFORE, applicants respectfully request reconsideration and amendment or vacating of the order denying the application for intervention, and alternatively, opening for evidence.

WHEREFORE, applicants respectfully request amendment of the findings as stated in the section so entitled above.

WHEREFORE, applicants respectfully request jury proceedings on any hearing for evidence, including the ultimate proceeding on the merits in this case.



_James Schneller_                                      Date: February 19, 2014
James D. Schneller                 pro se
Philadelphia Metro Task Force

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF PENNSYLVANIA

Deb Whitewood and Susan Whitewood,
et al,                                    plaintiffs

v.

Michael Wolf, in his official capacity as Secretary
of the Pennsylvania Department of Health,
et al                                     defendants

Civil Action

No. 13-1861-JEJ

CERTIFICATE OF SERVICE


        I, James Schneller, hereby certify that I served  a true and correct copy of the
motion for reconsideration, evidence, and amendment, upon the parties, listed as follows,
and the judge, by USPS first class mail, where required.


Honorable John E. Jones, III
Ronald Reagan Federal Bldg. & U.S. Courthouse
228 Walnut Street
Harrisburg, PA 17101


Nathan D. Fox                      nfox@begleycarlin.com
Begley Carlin & Mandio LLP
680 Middletown Blvd.
Langhorne, PA 19047


William H. Lamb
Lamb McErlane P.C.                      jfrank@lambmcerlane.com
24 East Market Street
P.O. Box 565
West Chester, PA 19381-0565

James D. Esseks                                jesseks@aclu.org
American Civil Liberties Union Foundation
125 Broad Street     18th Floor
New York, NY 10004


John S. Stapleton                              jstapleton@hangley.com
Dylan J. Steinberg
Hangley Aronchick Segal & Pudlin
One Logan Square    27th Floor
Philadelphia, PA 19103-6933


Leslie Cooper                                  lcooper@aclu.org
American Civil Liberties Union Foundation
125 Broad Street     18th Floor
New York, NY 10004


Mary Catherine Roper                           mroper@aclupa.org
American Civil Liberties Union of Pennsylvania
P.O. Box 40008
Philadelphia, PA 19106


Rebecca S. Melley                    rsantoro@hangley.com
Segal Pudlin & Schiller
One Logan Square    27th Floor
Philadelphia, PA 19103


Seth F. Kreimer                                skreimer@law.upenn.edu
3400 Chestnut Street
Philadelphia, PA 19144


Witold J. Walczak                              vwalczak@aclupa.org
American Civil Liberties Union of PA
313 Atwood Street
Pittsburgh, PA 15213


_James Schneller_
James D. Schneller              pro se                    Date: February 19, 2014