# Ballard Spahr
LLP

– – – – – – – – – – – – – – – – – – – – –
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Frank A. Chernak
Tel: 215.864.8234
Fax: 215.864.9147
chernakf@ballardspahr.com

February 21, 2014

*By Electronic Filing*

The Honorable John E. Jones, III
U.S. District Court
Middle District of Pennsylvania
228 Walnut Street, P. O. Box 983
Harrisburg, PA  17101

**Re:    Whitewood, et al. v. Corbett, et al.;**
**USDC, M.D. Pa., No. 1:13-CV-1861**

Dear Judge Jones:

We write on behalf of Defendant Donald Petrille ("Petrille") to seek court approval of a Stipulation negotiated and agreed upon between Plaintiffs and Petrille. (A copy of the Stipulation is attached hereto). We seek court approval because the Stipulation provides for limited participation of Petrille in further proceedings before Your Honor. (See specifically paragraph 16 of the Stipulation). As counsel for Petrille advised in an initial court conference on November 22, 2013, Petrille does not take a position regarding the merits of this matter. Instead, Petrille's office will continue to perform its ministerial duties under Pennsylvania statutory (or possible judicial) directives.

We also discussed the Stipulation with the attorneys for Michael Wolf and Dan Meuser. The attorneys for those defendants advised that they would not sign the Stipulation.

We are available for a conference to discuss any objections to this Stipulation or any concerns raised by the Court. Thank you for your consideration of this request.

Respectfully yours,

Frank A. Chernak

FAC/ph
Attachment

DMEAST #18473576 v1

The Honorable John E. Jones, III
February 21, 2014
Page 2

cc:    Witold J. Walczak, Esquire (via ECF)
        Leslie Cooper, Esquire (via ECF)
        Nathan D. Fox, Esquire (via ECF)
        M. Abbegael Giunta, Esquire (via ECF)
        William H. Lamb, Esquire (via ECF)
        Joel L. Frank, Esquire (via ECF)
        Mary Catherine Roper, Esquire (via ECF)
        Mark A. Aronchick, Esquire (via ECF)
        John P. McLaughlin, Esquire

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DEB WHITEWOOD and SUSAN
WHITEWOOD, FREDIA HURDLE and LYNN
HURDLE, EDWIN HILL and DAVID
PALMER, HEATHER POEHLER and KATH
POEHLER, FERNANDO CHANG-MUY and
LEN RIESER, DAWN PLUMMER and DIANA
POLSON, ANGELA GILLEM and GAIL
LLOYD, HELENA MILLER and DARA
RASPBERRY, RON GEBHARDTSBAUER and
GREG WRIGHT, MARLA CATTERMOLE and
JULIA LOBUR, SANDY FERLANIE and
CHRISTINE DONATO, MAUREEN
HENNESSEY, and A.W. AND K.W., minor
children, by and through their parents and next
friends, DEB WHITEWOOD and SUSAN
WHITEWOOD,

Plaintiffs,

v.

MICHAEL WOLF, in his official capacity as
Secretary, Department of Health; DAN
MEUSER, in his official capacity as Secretary,
Department of Revenue; and DONALD
PETRILLE, JR., in his official capacity as
Register of Wills and Clerk of Orphans' Court of
Bucks County,

Defendants.

**Civil Action**

**No. 13-1861-JEJ**

## STIPULATION AND [PROPOSED] ORDER LIMITING FURTHER PARTICIPATION OF DEFENDANT DONALD PETRILLE, JR.

Plaintiffs and Defendants, acting through their undersigned counsel, hereby stipulate as follows:

1.     On July 9, 2013, Plaintiffs commenced this action.

2.     On November 7, 2013, Plaintiffs filed their First Amended Complaint for Declaratory and Injunctive Relief (Dkt. 64) ("Amended Complaint").

3.     Through their Amended Complaint, Plaintiffs claim that the Commonwealth of Pennsylvania's laws, policies and practices codified at 23 Pa. C.S. §§ 1102, 1704 (hereinafter "Marriage Law") violate the due process and equal protection clauses of the 14th Amendment to the U.S. Constitution.

4.     Defendant Donald Petrille, Jr. ("Defendant Petrille") is the Register of Wills and Clerk of Orphans' Court of Bucks County, Pennsylvania.  The Office of the Register of Wills and Clerk of Orphans' Court of Bucks County, Pennsylvania ("County Office") is responsible for performing the ministerial duty of issuing marriage licenses in that Bucks County.

5.     Under Pennsylvania law, the County Office must, pursuant to 23 Pa. C.S. §§ 1104 and 1306, provide marriage license applicants with the marriage license application forms issued and amended from time to time by the Department of Health, and, pursuant to 23 Pa. C.S. § 1106, provide reports of issued marriage licenses from Bucks County to the Pennsylvania Department of Health in the

manner proscribed by the Pennsylvania Department of Health.

6.    Under Pennsylvania law, the County Office's action in issuing or not issuing a marriage license to any applicants, including Plaintiffs and all other same-sex couples, is:

> 'purely ministerial,' *Pa. Dept. of Health v. Hanes*, No. 379 M.D. 2013, 2013 WL 5469566, at *7 (Pa. Cmwlth. Sept. 12, 2013) (quoting *In re Administrative Order No. 1-MD-2003*, 936 A.2d 1, 9 (Pa. 2007)), meaning that they must perform their duties 'in a prescribed manner in obedience to the mandate of legal authority and without regard to [their] own judgment or opinion concerning the propriety or impropriety of the act to be performed." *Council of the City of Phila. v. Street,*, 856 A.2d 893, 896 (Pa. Cmwlth 2004) (citation and internal quotation marks omitted).

Memorandum & Order, Doc. No. 67, at 8 (Nov. 15, 2013).

7.    Under Pennsylvania law, Defendant Petrille's authority to issue a marriage license is wholly ministerial and subject to Pennsylvania statutory (or possibly judicial) directives.  Memorandum & Order, Doc. No. 67, at 8 n.5 (Nov. 15, 2013).  Under Pennsylvania law, Defendant Petrille is enforcing Pennsylvania state law by which he is bound, when performing the "purely ministerial" duties under the Marriage Law.

8.    On July 1, 2013, Plaintiffs Angela Gillem and Gail Lloyd went to the County Office and and inquired about applying for a marriage license.  On that date, in accordance with the Marriage Law, the County Office performed its

ministerial duties and informed them that it could not issue a marriage license to

Plaintiffs Angela Gillem and Gail Lloyd because they are a same-sex couple and

marriages between same sex couples is not authorized, recognized or permitted

under the Marriage Law in Pennsylvania, which limits marriage to opposite-sex

couples.

9.    On November 6, 2013, Plaintiffs Sandy Ferlanie and Christine Donato

went to the County Office and applied for a marriage license.  On that date, in

accordance with the Marriage Law, the County Office performed its ministerial

duties and refused to issue a marriage license to Plaintiffs Sandy Ferlanie and

Christine Donato because they are a same-sex couple and marriages between same

sex couples is not authorized, recognized or permitted under the Marriage Law in

Pennsylvania, which limits marriage to opposite-sex couples.

10.    In response to the claims asserted against him by Plaintiffs in this

action, Defendant Petrille, in his official capacity, maintains that the challenged

actions of his office in this case were in accordance with the Marriage Law but his

office takes no position regarding the constitutionality of the Marriage Law and

will not assert any position regarding the constitutionality of the Marriage Law.

11.    The Parties recognize that until the Marriage Law is changed or

deemed unconstitutional, Defendant Petrille, in his official capacity, and his office

must continue to exercise his ministerial duties in accordance with the Marriage

Law, which currently specifically precludes the office from issuing marriage licenses to same sex couples. <u>Commonwealth of Pennsylvania, Department of Health v. Bruce Hanes, in his official capacity as the Clerk of the Orphans' Court of Montgomery County</u>, No. 379 M.D. 2013 (September 12, 2013) (Commonwealth Court granted peremptory judgment in mandamus requiring the Orphans' Court of Montgomery County to comply with all provisions of the Marriage Law and to cease and desist from issuing marriage licenses to same-sex applicants, from accepting the marriage certificates of same-sex couples, and from waiving the mandatory three-day waiting period in violation of the Marriage Law).

12.     In addition, unless otherwise ordered by the Court, the County Office will continue to issue marriage licenses only in accordance with the forms issued and amended from time to time by the Department of Health, and provide reports of issued marriage licenses from Bucks County to the Pennsylvania Department of Health in the manner proscribed by the Department of Health.

13.     Notwithstanding paragraph 10, Defendant Petrille will remain a party to this action.

14.     Defendant Petrille will comply with all applicable order(s) of this Court, including any order regarding the constitutionality of the Marriage Law and any corresponding declaratory or injunctive relief that may be ordered by the Court.

15.   Defendant Petrille and Plaintiffs have discussed the manner in which Defendant Petrille will respond to Plaintiffs' discovery requests, and without waiver of any parties' rights to seek relief from this Court, Defendant Petrille and Plaintiffs presently do not anticipate any substantial disagreements arising between them regarding Defendant Petrille's responses to any pending or future discovery to him or request to appear as a witness for the purpose of providing testimony at deposition or trial in this action.

16.   Except as otherwise provided for in paragraph 15, agreed to by Defendant Petrille and Plaintiffs, or ordered by the Court, Defendant Petrille is hereby excused from further participation in this matter, including without limitation, answering, responding or otherwise pleading in response to the Complaint or Amended Complaint  or  answering or responding to motions, submitting pretrial disclosures, and appearing at any depositions, hearings, court conferences or trial.

17.   Per this stipulation on non-participation, Plaintiffs agree not to seek a default against Defendant Petrille.

18.   Assuming Defendant Petrille's actions remain consistent with the manner provided for in this stipulation, Plaintiffs recognize that in the event Plaintiffs are deemed prevailing parties in this action, Defendant Petrille's responsibility for attorneys' fees and costs incurred by Plaintiffs after December 6,

2013, may be limited, as determined by the Court, under applicable 42 U.S.C. §

1988 law.


Dated:  February 20, 2014

LAMB MCERLANE PC

By: _____
    William H. Lamb
    Maureen M. McBride
    24 East Market Street
    P.O. Box. 565
    West Chester, PA 19381
    (610) 430-8000

*Attorneys for Secretary of Health*
*Michael Wolf and Secretary of Revenue*
*Dan Meuser*


BEGLEY, CARLIN & MANDIO LLP
By: s/ Nathan D. Fox
    Nathan D. Fox
    680 Middletown Boulevard
    Langhorne, PA 19047
    (215) 750-0110

BALLARD SPAHR LLP
By: s/ Frank A. Chernak
    Frank A. Chernak
    John P. McLaughlin
    1735 Market Street, 51st Floor
    Philadelphia, PA 19103-7599
    (215) 665-8500

*Attorneys for Defendant Petrille*


HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER
By: s/ Mark A. Aronchick
    Mark A. Aronchick
    John S. Stapleton
    Dylan J. Steinberg
    Rebecca S. Melley
    One Logan Square, 27th Floor
    Philadelphia, PA 19103
    (215) 568-6200

    Helen E. Casale
    401 DeKalb Street, 4th Floor
    Norristown, PA 19401
    (610) 313-1670

ACLU FOUNDATION OF
PENNSYLVANIA
By: s/ Witold J. Walczak
    Witold J. Walczak
    313 Atwood Street
    Pittsburgh, PA 15213
    (412) 681-7736

    Mary Catherine Roper
    Molly Tack-Hooper
    P.O. Box 40008
    Philadelphia, PA  19106
    (215) 592-1513

James D. Esseks
Leslie Cooper
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY  10004
(212) 549-2500

Seth F. Kreimer
3400 Chestnut St.
Philadelphia, Pa. 19104
(215) 898-7447

*Attorneys for Plaintiffs*

**SO ORDERED.**

Dated: _____         _____
                                   **The Honorable John E. Jones III**
                                   **United States District Judge**