IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEB WHITEWOOD, *et al.*, | : | 1:13-cv-1861 |
| | : | |
| Plaintiffs, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | |
| MICHAEL WOLF, *in his official* | : | |
| *capacity as Secretary, Pennsylvania* | : | |
| *Department of Health*, *et al.*, | : | |
| | : | |
| Defendants. | : | |

# **ORDER**

## **March 17, 2014**

Mr. James D. Schneller's Motion for Reconsideration of our denial of his request to intervene in this matter (Doc. 99) is **DENIED**.[1] Mr. Schneller's Motion

---

[1] The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court ruled on the previous motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (Citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). "Reconsideration of judgment is an extraordinary remedy; therefore, such motions are to be granted sparingly." *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999). A motion for reconsideration is appropriate in instances when the court "has made an error not of reasoning, but of apprehension," and a court "must not grant reconsideration when the motion is simply a re-styling or rehashing of issues previously presented." *Pahler v. City of Wilkes-Barre*, 207 F. Supp. 2d 341, 355 (M.D. Pa. 2001) (internal citations omitted). "Mere disagreement with the court is a ground for appeal, not a motion for reconsideration." *Id.* (quoting *McConocha v. Blue Cross and Blue Shield Mutual of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996)). Further, motions for reconsideration cannot be used by a party to re-litigate or rehash legal principles and arguments already presented to and rejected by

for Stay Pending Action on Motion for Reconsideration (Doc. 106) is

**DISMISSED AS MOOT**. The Clerk of Court shall **TERMINATE** Mr.

Schneller's ECF filing privileges.

                                                s/ John E. Jones III
                                                John E. Jones III
                                                United States District Judge

---

the court, nor may they present additional arguments which could or should have been raised before judgment was entered. *See Bhatnagar v. Surrenda Overseas Ltd.*, 52 F.3d 1220 (3d Cir. 1995) (for the proposition that motions for reconsideration cannot be used to gain a "second bite" at the apple). A review of Mr. Schneller's Motion for Reconsideration clearly demonstrates that he has not met the exacting touchstones of Fed. R. Civ. 59(e) governing reconsideration motions, and that his request is premised solely on his dissatisfaction with our prior ruling.