IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEB WHITEWOOD, *et al.*, | : | 1:13-cv-1861 |
| | : | |
| Plaintiffs, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | |
| MICHAEL WOLF, *in his official* | : | |
| *capacity as Secretary, Pennsylvania* | : | |
| *Department of Health*, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

### June 18, 2014

Presently pending before the Court is the post-judgment Motion for Intervention of Proposed Intervenor-Defendant, Theresa Santai-Gaffney, Schuylkill County Clerk of the Orphans' Court and Register of Wills (hereinafter "Santai-Gaffney"). (Doc. 139). For the reasons that follow, the Motion shall be denied.

## I.    BACKGROUND

By Memorandum Opinion and Order dated May 20, 2014, we declared as unconstitutional two Pennsylvania statutes that prohibited and refused to recognize same-sex marriages (collectively "the Marriage Laws") and permanently enjoined their enforcement. (Docs. 133 and 134). On the following day, the

Governor of the Commonwealth announced that the state Defendants would not appeal the decision. In excess of two weeks following that announcement, Santai-Gaffney filed the instant Motion seeking to intervene in this matter for purposes of filing an appeal of our decision to the United States Court of Appeals for the Third Circuit.[1]

## II.  DISCUSSION

Santai-Gaffney seeks to intervene pursuant to Federal Rule of Civil Procedure 24(a), providing for intervention of right, and 24(b), outlining permissive intervention. Neither path is successful for Santai-Gaffney, for the reasons set forth hereinafter.

### A.  Intervention of Right

For intervention of right, the Federal Rules of Civil Procedure relevantly provide that,

> [o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

---

[1] Santai-Gaffney also filed a Motion to Stay our decision pending her proposed appeal. (Doc. 141). Because we shall deny Santai-Gaffney's intervention request, we need not address the Motion to Stay.

FED. R. CIV. P. 24(a)(2). The Third Circuit has interpreted that a movant must demonstrate four elements to meet this standard: (1) a timely filing seeking leave to intervene; (2) a sufficient interest in the proceeding; (3) danger that the interest will be impaired or affected, for practical purposes, by the disposition of the underlying matter; and (4) that existing parties to the suit do not adequately represent the movant's interest. *See, e.g., Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005) (citing *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998)).

Since the motion is not technically untimely, we begin by assessing the sufficiency of the interest asserted by Santai-Gaffney.[2] Although courts have struggled to explicitly define the nature of the interest required for intervention of right, *see Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995), the Third Circuit has issued some general guidance. To meet this prong of the test, a prospective intervenor must fundamentally demonstrate that her interest relates to the subject of the underlying proceeding, *i.e.*, that it is "significantly protectable." *Kleissler*, 157 F.3d at 969 (quoting *Donaldson v. United States*, 400 U.S. 517, 531 (1971)) (internal quotation marks

---

[2] We do, however, reiterate that Santai-Gaffney waited until the appeal period was halfway expired to file the instant Motion for the purpose of filing an appeal to the Third Circuit.

3

omitted). The asserted interest must be "a cognizable legal interest, and not simply an interest 'of a general and indefinite character.'" *Brody By and Through Sugzdinis v. Spang*, 957 F.2d 1108, 1116 (3d Cir. 1992) (quoting *Harris v. Pernsley*, 820 F.2d 592, 601 (3d Cir. 1987)) (internal quotation marks omitted); *see Treesdale, Inc.*, 419 F.3d at 220-21; *Mountain Top Condo. Ass'n*, 72 F.3d at 366. *But see Benjamin ex rel. Yock v. DPW of Pa.*, 701 F.3d 938, 951 (3d Cir. 2012) ("A proposed intervenor's interest need not be a legal interest, provided that he or she 'will be practically disadvantaged by the disposition of the action.'" (quoting, indirectly, 7C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1908 (2d ed. 1986)). Furthermore, the interest must be direct. As the Court in *Kleissler* stated,

> the polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or remote. Due regard for efficient conduct of the litigation requires that intervenors should have an interest that is specific to them, is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought. The interest may not be remote or attenuated.

*Kleissler*, 157 F.3d at 972.

Santai-Gaffney contends that she has a significantly protectable interest in discharging her marriage-related duties and enforcing the Marriage Laws. She

4

specifically argues that because her "rights and duties" are affected by our declaration that the Marriage Law are unconstitutional that she must be permitted to intervene. These arguments fall far short of the mark.

Santai-Gaffney is the Clerk of the Orphan's Court and Register of Wills for Schuylkill County. Santai-Gaffney, who is elected to serve the Commonwealth in this capacity, issues marriage licenses to couples seeking to celebrate their civil marriage in the Commonwealth. As clarified by the Commonwealth Court, this duty is "purely ministerial," *Department of Health v. Hanes*, 78 A.3d 676, 686-88 (Pa. Commw. Ct. 2013) meaning that Santai-Gaffney must perform her duties "in a prescribed manner in obedience to the mandate of legal authority and without regard to [her] own judgment or opinion concerning the propriety or impropriety of the act to be performed." *Council of City of Phila. v. Street*, 856 A. 2d 893, 896 (Pa. Commw. Ct. 2014). Simply stated, Santai-Gaffney's "rights and duties" are to comply with the current state of the law, and she may not exercise any independent judgment when issuing marriage licenses. Thus, Santai-Gaffney's only interest in the outcome action is that she must ensure that she applies the correct current requirements when issuing marriage licenses in the performance of her official duties.

Santai-Gaffney next argues that she must intervene because, in the wake of our decision and the Governor's decision not to appeal, the state of the Marriage Laws and the scope of her duties have become unclear. Nothing could be further from the truth.

On May 20, 2014, we issued an Order declaring that the Marriage Laws are unconstitutional because they violate both the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution. We thus permanently enjoined the Defendants, including the Secretary of Health, from enforcing the laws. We did not stay our mandate. The state Defendants, through an announcement made by the Governor of the Commonwealth of Pennsylvania, decided almost immediately to forgo an appeal of both the decision and the permanent injunction. As a result, same-sex couples in the Commonwealth of Pennsylvania may marry, and their existing marriages performed in other jurisdictions must be recognized by the Commonwealth. Our decision was entirely unequivocal, as was the Governor's decision not to appeal.

The effect of our decision on Santai-Gaffney's "rights and duties" in her role as Clerk of the Orphans' Court was further clarified by a Notice issued on June 11, 2014 by the Department of Health to all Clerks of the Orphans' Courts:

6

> The decision in *Whitewood* requires every government official who administers the Marriage Law - ***including every clerk of the orphans' court*** - to perform his or her duties in accordance with the court's order.  That means that a clerk of the orphans' court must consider applications for the issuance of a marriage license ***without regard to the gender of the applicants***.

*See* Pa. Dep't of Health, General Notice to All Clerks of the Orphans' Court (June 11, 2014) (Doc. 146, Ex. C) (emphasis in original; footnote omitted).  There is simply no unclarity in the current status of the laws governing the issuance of marriage licenses in Pennsylvania, and Santai-Gaffney can claim no confusion.  This specious argument is rejected.

Finally, because Santai-Gaffney has no protectable interest in the constitutionality of the Marriage Laws, she cannot successfully claim that her rights and interests were not represented by the Defendants to the action.  Indeed and as aforestated, in her capacity as Clerk of the Orphans' Court and Register of Wills, Santai-Gaffney has no interest in the merits of the outcome of the case.  To reiterate, Santai-Gaffney serves a ministerial role in which she may exercise no independent judgment relative to issuing marriage licenses.  Thus Santai-Gaffney fails to carry the final intervention factor.[3]

---

[3] Santai-Gaffney tries to bootstrap her proposed intervention on the fact that Donald Petrille, Jr., Register of Wills of Bucks County, was named as a defendant in this case.  Notably however, Petrille was treated as only a nominal defendant throughout the case.  By virtue of a stipulation among the parties, he did not participate in any meaningful way following the disposition of the motion to dismiss precisely because he had no interest in the outcome.

### B.    Permissive Intervention

Turning to permissive intervention, a court may allow anyone to intervene who files a timely motion and, *inter alia*, "has a claim or defense that shares with the main action a common question of law or fact."  FED. R. CIV. P. 24(b)(1)(B). In making this determination, a court is required to consider whether intervention will "unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3); *see also* 6 MOORE'S FEDERAL PRACTICE - CIVIL § 24.10 ("In essence, considerations of trial convenience dominate the question of whether to allow permissive intervention.").  "[A]s the doctrine's name suggests, [it] is within the discretion of the district court" whether to grant permissive intervention. *Brody*, 957 F.2d at 1124.

It is in the context of permissive intervention that Santai-Gaffney's true motives are revealed, for she seeks permissive intervention on the basis that "a comprehensive defense of Pennsylvania's Marriage Laws before the appellate courts is desirable to ensure that the important constitutional question raised in this case is properly refined by the crucible of appellate review." (Doc. 140, p. 26). Here, Santai-Gaffney is clearly speaking as a private citizen, and not in her capacity as Register of Wills.  In this sense Santai-Gaffney evinces personal

disagreement with our ruling.  But this does not confer license to intervene and to appeal the same, given the fact that the Governor of the Commonwealth, who also personally disagrees with our decision, has after obviously careful consideration decided not to appeal.  If the highest elected official in the Commonwealth chooses to abide by our decision, it defies credulity that we would permit a single citizen to stand in for him to perfect an appeal.

This Court respects Santai-Gaffney's evidently deep personal disagreement with our decision to strike down the Marriage Laws.  That said, we lament that she has used her office as a platform to file the Motion we dispose of today.  To repeat – there is nothing remotely ambiguous about how Santai-Gaffney must perform her duties relative to issuing marriage licenses.  For her to represent otherwise is wholly disingenuous.  At bottom, we have before us a contrived legal argument by a private citizen who seeks to accomplish what the chief executive of the Commonwealth, in his wisdom, has declined to do.

Accordingly, the Court will deny Santai-Gaffney's Motion, both as to intervention of right and permissive intervention.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**

1.   Motion for Intervention of Proposed Intervenor-Defendant, Theresa

Santai-Gaffney, Schuylkill County Clerk of the Orphans' Court and

Register of Wills (Doc. 139) is **DENIED**.

2.   Proposed Intervenor's Motion to Stay (Doc. 141) is **DISMISSED AS**

**MOOT**.

_____
John E. Jones III
United States District Judge