# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEB WHITEWOOD, *et al.*, | : |
| | : Civil Action |
| Plaintiffs, | : |
| | : No. 1:13-cv-1861 |
| v. | : |
| | : Honorable John E. Jones, III |
| MICHAEL WOLF, in his official capacity as the Pennsylvania Secretary of Health, *et al.*, | : |
| | : |
| | : |
| Defendants. | : |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR FOURTH EXTENSION OF TIME TO SUBMIT PETITION FOR ATTORNEYS' FEES

Defendants Michael Wolf, Pennsylvania Secretary of Health, and Dan Meuser, the Commonwealth's Secretary of Revenue ("Defendants"), through their attorneys, Lamb McErlane PC, hereby file this Response in Opposition to Plaintiffs' Motion for Extension of Time to Submit Plaintiffs' Petition for Attorneys' Fees pursuant to 42 U.S.C. 1988.

Simply stated, Plaintiffs' motion should be denied because Plaintiffs already have been given substantially more time to prepare their request than the rules contemplate and have failed to show good cause to justify yet another extension. Further delay is unnecessary and adverse to Defendants' interests and the interests of Pennsylvania taxpayers. Accordingly, for the reasons below, this Court should

deny Plaintiffs' Motion, direct Plaintiffs to promptly file their fee request, and, after evaluating Defendants' opposition thereto, expeditiously decide the amount of fees and costs to be awarded to Plaintiffs in this matter.

## I. BACKGROUND

Plaintiffs commenced this case by Complaint filed on July 9, 2013 seeking declaratory and injunctive relief pursuant to 42 U.S.C. 1983. On May 20, 2014, this Court granted Plaintiffs' Motion for Summary Judgment. In so doing, this Court: (i) struck down as unconstitutional Pennsylvania's marriage statutes, 23 Pa. C.S. §§ 1102 and 1704 and (ii) permanently enjoined Defendants from enforcing Pennsylvania's marriage statutes in the future. The very next day, on May 21, 2014, Governor Corbett publicly announced that the Commonwealth Defendants would not appeal this Court's decision to the United States Court of Appeals for the Third Circuit.

Pursuant to 42 U.S.C. 1988, Plaintiffs, as prevailing parties, were required to submit any request for attorneys' fees and costs with this Court within ten (10) days of this Court's May 20, 2014 Order. Accordingly, Plaintiffs were required to submit their request for attorneys' fees and costs on or before May 30, 2014.

On May 28, 2014, shortly before their request for fees and costs was due, Plaintiffs filed a Motion for Extension of Time to File Petition for Fees and Costs,

(Doc. 137), requesting an additional sixty (60) days within which to file their Fee Petition. Defendants consented to this request. On May 29, 2014, this Court granted Plaintiffs' motion, (Doc. 138), and allowed Plaintiffs until July 29, 2014 to file their request for fees and costs.

On July 28, 2014, the day before Plaintiffs' motion for fees and costs was due pursuant to the extended deadline, Plaintiffs filed a second motion for extension of time (Doc. 156), seeking an additional fifteen (15) days within which to file their request. Defendants also consented to this request. On July 29, 2014, this Court granted Plaintiffs' motion (Doc. 157) and directed Plaintiffs to file their request for attorneys' fees and costs on or before August 13, 2014. It was not until July 29, 2014 that Plaintiffs first provided to Defendants their demand and supporting documentation regarding their claim for attorneys' fees.

On August 13, 2014, Plaintiffs filed their third motion for extension of time (Doc. 159) seeking an additional fifteen (15) day extension of time within which to file their request for attorneys' fees and costs. Once again, Defendants consented to this request. On August 13, 2014, this Court granted Plaintiffs' motion and directed Plaintiffs to file their request for attorneys' fees and costs on or before August 28, 2014. (Doc. 160).

On August 28, 2014, Plaintiffs filed their *fourth* request for an extension of time, this time seeking until September 29, 2014 within which to file their request for attorneys' fees and costs. (Doc.161). Plaintiffs requested Defendants' concurrence to this fourth extension as well. However, unlike the three previous occasions in which Defendants concurred with Plaintiffs' request, Defendants declined to acquiesce to Plaintiffs' latest request for additional time.

## II. DISCUSSION

Defendants oppose Plaintiffs' most recent fourth request for a further, 30-day extension of time for four compelling and important reasons.

First, it is time to bring this matter to a close. More than 90 days have passed since this Court issued its decision on May 20, 2014. Plaintiffs have had sufficient time (well above and beyond the normal ten days prescribed for such fee requests under the rules) within which to gather their time records, prepare their motion and submit their attorneys' fees request to this Court. Moreover, Plaintiffs were on notice for over one week prior to the filing of their most recent extension request that settlement discussions regarding fees were not fruitful and that they should proceed with the filing of their formal Motion for fees. Plaintiffs' Motion for additional time should be denied on timing grounds alone.

Second, Plaintiffs' attorneys -- particularly those affiliated with the ACLU -- are seasoned practitioners intimately familiar with the process of submitting requests for attorneys' fees and costs in civil rights cases in federal court. Indeed, one of plaintiffs' attorneys, Witold ("Vic") Walcek, recently participated in the filing of a motion for attorneys' fees in *Lozano v. City of Hazelton* (cite) on June 30, 2014, fewer than two months ago, which contained the requisite affidavits evidencing what plaintiffs' counsel contended were the prevailing rates in the Middle District of Pennsylvania. Plaintiffs' counsel's familiarity and experience with the process for seeking attorneys' fees and costs pursuant to section 1988 -- and their access to the types of information necessary to support such a motion -- strongly militates against granting Plaintiffs yet *another* thirty (30) day extension within which to prepare and file their Motion.

Third, Defendants will be harmed by more delay. Further extension of time necessarily will translate to additional fees and costs to Defendants (and, by extension, Pennsylvania taxpayers). The United States Supreme Court has noted that the process for seeking attorneys' fees and costs pursuant to 42 U.S.C. 1988 is not designed to result in "a second major litigation." *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In this case, Defendants' substantive involvement in this case essentially ended on May 20, 2014. If Plaintiffs' request is granted, Defendants will still be litigating -- and incurring fees -- in this case well into October or November,

2014. Further costly elongation of this process is unfair and adverse to Defendants and the interests of Pennsylvania taxpayers.

Finally, Defendants are aware and, indeed, have seen both a summary of Plaintiffs' time records and a computation of the exorbitant amount (which amount is, by orders of magnitude, significantly more than the amounts sought thus far by any other plaintiffs in any other same sex marriage cases throughout the country) of attorneys' fees and costs purportedly incurred by Plaintiffs during the ten months this case was litigated. Thus, Plaintiffs already have in hand all of the data to allegedly substantiate their fee request. Moreover, Plaintiffs were aware from the outset of this case that Plaintiffs would be seeking fees if Plaintiffs prevailed; thus, nothing about the process for seeking fees should have come as a surprise to Plaintiffs. In light of the facts that Plaintiffs have already gathered and compiled detailed time records from all of the many attorneys they chose to involve in this matter, it strains all reason to believe that Plaintiffs require yet another thirty (30) days (over and above the 90 days that have passed since this Court entered its decision on May 20) to prepare the subject filing.

Plaintiffs have offered no reason -- and, hence, no good cause -- for why additional time is needed. Accordingly, good cause not being shown, this Court should deny Plaintiffs' request, direct Plaintiffs to promptly submit their motion for

fees and costs, and, after evaluating Defendants' opposition thereto, expeditiously exercise its discretion in determining the amount of fees and costs to be awarded.

WHEREFORE, for all of the foregoing reasons, Defendants respectfully request that this Court DENY Plaintiffs' request for additional time within which to file their request for attorneys' fees and costs in this matter.

|  |  |
|---|---|
| | Respectfully submitted, |
| | **LAMB MCERLANE PC** |
| Date: August 28, 2014 | By:  /s/     Joel L. Frank<br>William H. Lamb<br>Joel L. Frank |
| | 24 East Market Street<br>West Chester, PA  19380<br>(610) 430-8000 |
| | *Counsel for Defendants,*<br>*Secretary Michael Wolf and*<br>*Secretary Dan Meuser* |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEB WHITEWOOD, *et al.*, : | |
| : | Civil Action |
| Plaintiffs, : | |
| : | 1:13-cv-1861 |
| v. : | |
| : | Honorable John E. Jones, III |
| MICHAEL WOLF, in his official : | |
| capacity as the Pennsylvania : | |
| Secretary of Health, *et al.*, : | |
| : | |
| Defendants. : | |

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the Response in Opposition to Plaintiffs' Motion for Extension of Time to Submit Plaintiffs' Petition for Attorneys' Fees filed by Defendants, Secretary Michael Wolf and Secretary Dan Meuser in the above captioned matter was filed electronically using the Court's electronic filing system on August 28, 2014, and that the filing is available to the following parties for downloading and viewing from the electronic filing system:

Mark A. Aronchick, Esquire
John S. Stapleton, Esquire
Dylan. Steinberg, Esquire
Rebecca S. Melley, Esquire
Hangley Aronchick, Segal, Pudlin & Schiller
One Logan Square, 27th Floor
Philadelphia, PA 19103
Counsel for Appellee

Leslie Cooper, Esquire
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Counsel for Appellee

Mary Catherine Roper, Esquire
Molly M. Tack-Hooper, Esquire
American Civil Liberties Union of Pennsylvania
P.O. Box 40008
Philadelphia, PA 19106
Counsel for Appellee

Witold J. Walczak, Esquire
American Civil Liberties Union of Pennsylvania
313 Atwood Street
Pittsburgh, PA 15213
Counsel for Appellee

Jeffrey A. Conrad, Esquire
Clymer, Musser, Brown & Conrad
408 West Chestnut Street
Lancaster, PA 17603
Counsel for Appellant Santai-Gaffney

Jonathan C. Dalton, Esquire
Alliance Defending Freedom
15100 North 90th Street
Scottsdale, AZ 85260
Counsel for Appellant Santai-Gaffney

James M. Smith, Esquire
Smith Law Group
14133 Kutztown Road
P.O. Box 626
Fleetwood, PA 19522
Counsel for Appellant Santai-Gaffney

Randall L. Wagner, Esquire
Independence Law Center
23 North Front Street
Harrisburg, PA 17101
Counsel for Appellant Santai-Gaffney

Frank A. Chernak, Esquire
John P. McLaughlin, Esquire
Ballard Spahr
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Counsel for Appellee Petrille

**LAMB McERLANE PC**

By: /s/Joel L. Frank
   William H. Lamb, I.D. 04927
   Joel L. Frank, I.D. 46601
   24 East Market Street
   P.O. Box 565
   West Chester, PA  19381